ALBANY,<br>August, 1805.<br>Smith & Delamater<br>v.<br>Richardson.

## John D. Petrie *against* Jewit Woodworth.

IN ERROR on *certiorari*, the exceptions were, 1st, that the defendant below pleaded in abatement, a *misnomer*, in being sued as *Petris*, instead of *Petrie*. 2d, That the declaration was uncertain and insufficient.

*Per curiam.* It was not a *misnomer.* It was the same surname, with the mis-spelling of one letter. The pronunciation would still be the same in French, as the name seems to import. It may also be well inferred from the return, that it appeared to the justice, that the defendant was as well known by one name as the other, if they be different; and such a replication to such a plea is good. The second objection has no weight. The declaration is good enough. It was " for damages, on account of the defendant's not " fulfilling a contract for a certain lot of lease land, lying in " *German Flats.*" We are of opinion that the judgment be affirmed.

<em>Where a name appears to be a foreign one, a variance of a letter, which, according to the pronunciation of that language, does not vary the sound, is not a misnomer. Declaring for "damages " on account of not " fulfilling a " contract for a " lot of land" in a certain place, is before a justice, sufficiently certain.</em>

## Gabriel Manny *against* James Dobie.

ON CERTIORARI. The defendant below refused to plead, on which the justice awarded a *venire*, which was now assigned for error.

*Per curiam.* The judgment must be reversed. The award of a *venire* was erroneous. It cannot be done on a judgment by default, or where the defendant does not plead. An issue must be joined.

<em>It is error in a justice to award a venire, on a default, or when a defendant does not plead.</em>

## Jonas Smith and Henry A. Delamater *against* James Richardson.

GOLD moved to set aside the report of referees in this suit, on an affidavit stating, that it was instituted to recover damages for a breach of contract, in not transporting 5000 staves, belonging to the plaintiffs, from *Chaumont*, in the county of *Oneida*, to one *Esseltyne's*, on the river *St. Law-*

<em>If, in consequence of a breach of contract in not transporting goods, they be sent by another</em>

ALBANY,
August, 1805.

Smith & Delamater
v.
Richardson.

conveyance and lost, damages cannot be recovered for their value at the port of destination, nor will they be allowed for interest lost in consequence of not being in cash for them at the time when they otherwise would have been sold.

rence, in consequence of which, the plaintiffs themselves undertook to do it, at an unusual season of the year ; and in the attempt, the raft was cast away, and 600 staves lost. That under these circumstances, the referees, in assessing the damages, estimated them at the full value which the staves would have brought at the *Montreal* or *Quebeck* market, and reported 341 dollars due. This he contended was, in the first place, an improper rule to go by : for should even the defendant be liable for the amount of the staves lost, it could be only for so much as they were worth, on the spot where they lay. But secondly, he argued, that the report ought to have been for damages merely on account of the breach of the contract, which was to transport for 37 dollars, without any regard to the property in question ; especially as the plaintiffs had, by their unwarrantable conduct, exposed it to unusual and excessive risks.

*Emott* contra, urged, that the action, as appeared from the declaration, demanded damages for five several reasons : 1st, For goods sold and delivered. 2d, For the loss of 600 staves. 3d, For the breach of the contract, in consequence of which, the staves could not be delivered in season, and thereby the plaintiffs suffered from a depreciation in the market. 4th, For a loss and injury sustained, in being obliged to transport in an unfavourable and dangerous season, at greater hazard and expense. 5th, By way of interest on the price of the staves, from the time when they would have been disposed of, to that at which they were actually lost. That therefore, the report might be founded on the value of the goods sold, and as the sum at which the referees assessed the damages, might have been the actual loss to the plaintiffs, by not having their property at market in due season, the application ought not to be granted.

*Gold* in reply. The goods sold and delivered, were furnished in payment of the 37 dollars consideration money, for transporting the staves. Besides, on a contract where the sum paid was so small, it is contrary to all reason to make the party to perform, insure the articles against the hazards of the voyage, and that too, at an unseasonable period. Nor can he, with greater propriety be called on to compensate for a loss of market ; for, had he entered on his undertaking, *non constat*, the staves would have arrived.

*Per. curiam*, delivered by TOMPKINS, J. The affidavit, on the part of the defendant alleges, that the cause of action presented by the plaintiffs to the referees, was the non-performance, by the defendant, of a contract to transport staves belonging to the plaintiffs.

*ALBANY,*
*August, 1805.*

The People
v.
Smith.

For the plaintiffs it is alleged, that evidence was adduced by them, in support of five grounds of action. The first ground, it was incumbent on the plaintiffs to prove, in order to make out the consideration for the defendant's promise, which is stated, to have been goods sold and delivered; and the other four grounds grew out of the special contract. The affidavits are, therefore, reconcileable.

I am inclined to think, the referees have adopted an incorrect principle, in fixing the damages of the plaintiffs. The price, which the articles to be transported, might have brought at the *Quebec*, or *Montreal* market, is too uncertain and unreasonable to be admitted as a rule of damages; neither ought the referees to have taken into the account, interest upon such price. It also appears, that, upon the defendant's failure to fulfill his engagement, the staves were taken into the possession of the plaintiffs, and lost by them in attempting to transport them, at an unusual and very dangerous season. It is therefore questionable, whether the entire loss of the staves is not attributable to the imprudence and default of the plaintiffs; but even, if the defendant is answerable for them, the value of the staves at *Chaumont*, and not the possible market price at *Quebec*, or *Montreal*, ought to have governed the referees. I am, therefore, of opinion, the defendant ought take the effect of his motion.