ALBANY,
August, 1811.

WATKINSON
v.
LAUGHTON.

———— ❖ ————

## WATKINSON *against* LAUGHTON.

THIS was an action of *assumpsit*, on a bill of lading, signed by the defendant, as master of a ship. The cause was tried at the sittings in *New-York*, before the *Chief Justice.*

The goods were shipped at *Liverpool*, in good order, consigned to the plaintiff. On the arrival of the ship in *New-York*, it was found that several of the trunks had been opened, and the goods taken out; and it was admitted that the goods had been embezzled, or otherwise lost, without any fraud on the part of the defendant.

The plaintiff proved the amount of the goods deficient, and the price at which he sold such part of the same kind of goods as were delivered; and claimed to recover the va-

In an action on a bill of lading, stating goods, stated to be embezzled or lost during the voyage, without the fraud of the master, it was held that the master was bound to answer for the value of the goods missing, according to the clear net value of goods of like kind and quality, at the port of delivery; but whether he is also to pay *interest* from the time when the goods ought to

---

have been delivered, or not, depends on the circumstances of the case; but if no fraud or misconduct is imputable to the master, *interest* will not be allowed.

<div style="margin-left">

ALBANY,
August, 1811.

WATKINSON
v.
LAUGHTON.

</div>

lue of the goods deficient at that price, with interest from the time when they ought to have been delivered.

The counsel for the defendant objected to this rule of damages, and contended that the plaintiff was entitled to recover no more than the *invoice cost* of the goods, without interest. A verdict was taken for the plaintiff, by consent, for 1,507 dollars and 16 cents, subject to the opinion of the court; and it was agreed, that if the court should be of opinion that the plaintiff was entitled to recover the value of the goods, at the *port of delivery*, ascertained as above mentioned, with interest, then the verdict was to stand, and judgment be given thereon for the plaintiff; if the court should be of opinion that the plaintiff was not entitled to interest, the verdict was to be reduced to 1,379 dollars. But if the court should be of opinion that the plaintiff was entitled to recover the *invoice cost* of the goods only, with interest, the verdict was to be reduced to 1,014 dollars and 71 cents. But if the court should consider the plaintiff entitled to the *invoice cost* only, without interest, the verdict was to be reduced to 919 dollars and 33 cents.

*Metcalf*, for the plaintiff. We contend that the plaintiff, is entitled to recover the value of the goods at the port of delivery, with interest. The master of a ship is considered as a common carrier, and is responsible as such.[*] We find no precise rule of damages in a case like the present, laid down in the *English* books. All the writers[†] on maritime law agree, that if a master, compelled to take refuge in a foreign port, is under the necessity of selling some part of the cargo, to raise money to defray the expense of repairs, and the ship arrive at her place of destination, the merchant is entitled to receive the value of the goods at the port of delivery. And *Pothier* (*Ch. Part.* 35.) lays down the rule generally, that the master is bound to pay the freighter, for such goods as are missing, not only the cost of the goods, but the pro-

<div style="font-size: small">

* *Molloy,* b. 2. c. 2. s. 2. *Abb. on Ship.* part 3. c. 5. s. 1.
† *Abb. on Ship.* part 3. c. 3. s. 10. *Molloy,* b. 2. c. 2. s. 14. *French Ord.* liv. 3. tit. 3. *Fret.* art. 14. *Pothier, Chart. Part.* No. 33,34. *Malyne's Lex Mer.* p. 2. c. 22.

</div>

fit that might have been made upon them, at the port of destination; that is, at the same rate goods of the same kind and quality sell for, at the port of delivery. All the authorities on this subject proceed on the ground of a complete indemnity to the owner of the goods; which can be effected only by taking the value of the goods at the port of destination, with interest, deducting freight and charges.

ALBANY,
August, 1811.

WATKINSON
v.
LAUGHTON.

*Griffin* and *T. A. Emmet*, contra. The defendant has been guilty of no fraud or misconduct, in this case; and, if liable, it must be on the strict rule of law. Why should he be put in a worse situation than an insurer? If liable as a common carrier, the case of the master and an insurer are analogous. The object, in both cases, is to afford a complete indemnity; and the rule of damages in both must be the same. Now, in cases of insurance, the rule of indemnity is settled to be the *invoice* price of the goods, with interest. This is the proper and most convenient rule. The market price of the goods at the port of delivery is always fluctuating and uncertain. The invoice price is fixed and known, and affords a perfect indemnity.

But we contend, that the rule of damages has been settled, by the decision of the court in the case of *Smith & Delamater* v. *Richardson*,* to be the cost or value at the port of shipment, without regard to the market price at the port of delivery.

* 3 *Caines*, 219.

[SPENCER, J. But that was an action to recover damages for a breach of contract, in wholly neglecting to carry. The policy of the law, in cases like the present, in making the master liable, is to induce him to employ honest men in his service.]

This is an action of *assumpsit* on the contract to carry, and we see no difference between an entire failure to per-

form, and a failure to deliver, after a commencement of the performance. The principle laid down in the case of *Smith & Delamater* v. *Richardson*, applies to the present case, and is conclusive.

*Per Curiam.* The rule of damages in such a case as the present, does not appear to have been the subject of discussion and decision in any of the numerous commercial cases which have arisen in the *English* courts. Perhaps the rule has been so well understood and settled in practice, as not to be drawn into controversy. But as that practice is not stated in the case, nor known to the court, we must govern ourselves by the general principles which are established in the books. The case, in this court, of *Smith & Delamater* v. *Richardson*, (3 *Caines*, 219.) is not applicable, as that was not a case of loss, arising from the fraud, negligence or misfortune of the carrier, in the performance of his trust, for the defendant there never entered on the undertaking, and the suit was for a breach of contract in not carrying, and the plaintiffs, afterwards, became their own carriers, and lost the goods. There may then be a very material difference between the two cases, as to the reason and policy of the rule of damages. Here was an embezzlement of part of the goods, in the course of the voyage, and it would seem to be the rule of the marine law in such cases, that the master must answer for the value of the goods missing, according to the clear, net value of goods of like quality, at the place of destination. All the ordinances and authorities declare this to be the rule, when the goods are sold by the master, from necessity, in the course of the voyage; (*Abb. on Ship.* part 3. c. 3. s. 10.) and why should not the same rule apply when the goods are missing by any other means? The general doctrine is, that the master must make good the loss or damage accruing to the goods which he undertook to carry safely, for hire; and *Pothier* (*Charter Partie*, No. 33. 35.) says that the rule is gene-

ral, and applies to all cases in which the master is respon-
sible for missing goods.  This is a sufficient authority
for the rule, if there be no adjudged case, or settled prac-
tice, (and we know of none,) to the contrary; especially,
as the rule is in furtherance of the general policy of the
marine law, which holds the master responsible, as a
common carrier, for accidents, and all causes of loss, not
coming within the exception in the bill of lading. It
takes away all temptation to withhold a delivery of the
goods, and exempts the shipper from the hard task of
undertaking to detect, in every case, the negligence, fault
or fraud of the carrier; and it must be admitted that the
rule would be highly just and necessary, if the loss was
imputable to either of those causes.

ALBANY,
August, 1811.

WATKINSON
v.
LAUGHTON.

The question of interest depends upon circumstances.

The jury may give interest, by way of damages, in
cases in which the conduct of the master was improper.
But here, no bad conduct is to be imputed to him, and
interest is not, in every case, and of course, recoverable,
because the amount of the loss is unliquidated, and sounds
in damages, to be assessed by the jury.

The verdict is, therefore, to be reduced, not only to the
sum of 1,379 dollars, but the sum must be further reduced,
if necessary, to the net, instead of the gross, value, at the
port of delivery. It would seem by the case, as we un-
derstand it, that the highest sum found was the gross
price of the goods, but the plaintiff ought to deduct the
charges for freight, &c. which he would have paid had
the goods arrived, and take only the net price, without
interest.

Judgment accordingly.