## MARK W. PEIRCE ET AL., EXECUTORS,
*versus*
## WILLIAM ROWE.

A note for a certain sum, with "interest annually," is not a contract for any thing more than 6 per cent. on the principal.  But interest should be cast on the annual interest, in the nature of damages, for its detention and use, from the time it becomes payable till judgment.

THIS was assumpsit, pending in the county of Rockingham, on a promissory note payable to the plaintiffs' testate, "with interest annually."   The defendant was defaulted.

*T. Farrar*, and *Freeman*, counsel for the plaintiffs, moved for directions to the clerk to cast compound interest on the demand sued.

The cause was submitted without argument, and continued *nisi*, and the opinion of the court delivered here this term by

WOODBURY, J.   This motion involves questions of some difficulty.   The definitions of the words "interest," and "annually," when disconnected, are very obvious.   But their peculiar meaning, as employed in the note in this case, is by no means clear; because they may be construed to mean either that interest is to be paid "annually" on the principal alone, or on the principal and the annual interest.   Upon examination, however, we are inclined to think that the meaning of the expression, "interest annually," does not extend to interest on any thing except the principal sum named in the note.   It is the principal, which the subscriber of the note promises to pay with interest: and there is no settled usage on which to found an inference that the parties intended to employ the words in any other sense.   The practice as to allowing interest on the annual interest, in cases like this, has been different in different parts, and in different courts of this state.   The cases on this subject, also, reported in Massachusetts, directly conflict with each other.(1)

(1) 2 Mass. Rep. 568.   8 do. 465.

If any interest can be allowed on the annual interest, it must be allowed by virtue of some general principles, and

not of any express contract for it, contained in the note. But those principles on the subject of interest must be gathered from the reasons on which interest is originally founded, and on which it is in any case permitted without an express contract for its payment. Wherever money due to an individual, without any stipulation as to interest, some compensation for the use of the money while wrongfully detained, seems justly to be due; because the use of money must be presumed to be beneficial to the one party, and the detention of it injurious to the other. Indeed, the increase of net profits of property are an appurtenant to the property itself, and the same broad principle which, without a special contract, would enable the owner to recover the property, would also entitle him to recover its increases. Hence a fair reward for the use of money while negligently or wrongfully withheld from the creditor, ought always to be allowed him in the nature of damages for its detention; and the principles of our civil actions justify such an allowance, by permitting the damages recovered to be commensurate with the injury sustained. On this theory, interest will not commence where no express contract exists for it, till a wrong is done by the debtor's failure to pay what has become due. Because, till that event, no breach of duty has happened on which legal damages can accrue. But after money becomes due, every day's neglect to make payment of it, whether principal or interest, is an injury to the creditor: and our civil remedies would prove defective, and would not, as justice requires, approximate those specific ones provided by equity, unless the money detained, and a compensation for its use while so detained, could be recovered by the creditor. Were this not the law, a strong temptation, also, would be presented to debtors to violate their duties. They would, in the language of Lord Mansfield,(1) be encouraged "to make use of all the unjust dilatories of chicane;" "and the more the plaintiff is injured the less he will be relieved."

Nor do we apprehend that to justify the allowance of interest in this class of cases, a profit must actually have been

(1) Burr. 1088.

received by the debtor on the money wrongfully detained (1). The rule is founded as much on the injury done the creditor as on the benefit received by the debtor. It will, therefore, suffice, if the debt due was of such a character and was so withheld, that an income upon it would naturally accrue. On such a construction the plaintiff will recover interest wherever his money, under all the circumstances, should have earned it; and the defendant will be subjected to pay it only where he has failed in his duties, or may be presumed to have profited by a wrong.

These positions, arising from the nature of the subject under examination, are, we believe, fortified by most of the authorities on the allowance of interest.

That large class of them, permitting it to be cast upon money after due, though interest be not named in the contract, can be supported only on the principle that interest is allowable as damage from the time a debt due is neglected to be paid. 7 *Tm. R.* 124.—1 *Camp.* 54.—*Tidd* 484.—4 *Es. C.* 147.—*Am. Pre.* 114, 261.

*Vide* the cases of interest on judgments. 1 *East* 436.—5 *Es. C.* 114.—4 *Mass. R.* 171. On Verdicts: 1 *John. C.* 27.—*John.* 343.—6 *Mass. R.* 262.—8 *Do.* 246.—2 *Bos. & P.* 219, *nt.*

Interest is also allowed, for the causes and in the manner before enumerated, on money after payable, though no express contract exists as to either the interest or the principal—as on money loaned, and on money paid, laid out and expended. 1 *Bin.* 488.—3 *Wils.* 205.—1 *H. Bl.* 305.—1 *Dal.* 349.—*Burr.* 1077. It should be cast in the same mode on money had and received. The authorities in regard to this appear somewhat contradictory.

As three centuries have not elapsed since interest was legalized in any case, it is not surprising that such a state of public sentiment should for some time afterwards continue, as to prevent it from being cast in instances where not expressly promised. This would be less irrational than the

*(in margin:)* Peirce & al., Ex'rs, *vs.* Rowe.

(1) 1 Camp. N. P. 129.

Peirce & al.,
Ex'rs,
vs.
Rowe.

(1) Burr. 1818.

doctrine which prevailed as late as 1760, that interest must stop after the commencement of a suit.(1)  To determine the time when money had and received becomes due or payable, creates now the only difficulty.  But whether it becomes due upon the receipt of the money, the demand of it, the date of the writ, or the verdict, the principle remains unimpaired, to allow interest on the money from that time, whenever it is wrongfully obtained or withheld by the debtor under such circumstances that he might be expected to realize an income from it.  Hence interest is cast from the receipt of money, when obtained by tort or by fraud : as it is then due *instanter*, and probably employed to profit.(2) From an actual demand of it, when received merely by an agent to accommodate, by a carrier to transmit, or by a bank for deposit, as till that demand it is not expected to be paid, and cannot be presumed to have been used.(3)  And only from a verdict, perhaps, when received by a stake-holder, or auctioneer, if the rights of the claimants were till then unsettled ; as, till that event, an implied condition exists that the money shall not be paid, but be held unemployed and in readiness for the rightful owner.

(2) 8 John. 213.
9 do. 71.
3 Caines 266.
11 M. R. 217,
Chauncy & al.
vs. Yeaton,
Roc., Feb. 1818,
p. 151.
(3) 13 John. 235,
7.  1 Camp. 52.
Sug. 327.   5 Es.
C. 114. 2 Bos. P.
472.

On the principle that money must be due and the debtor neglect payment, in order to allow interest on it as damage, it is not cast on bank bills till presented :(4) nor against a surety in an administration bond till after a damage on him ; (5) nor on book accounts till an agreed length of credit has expired, or the amount of the debt has been ascertained by a settlement, or such a notice has been given of the balance due as an equivalant to an account stated.   6 *Joh.* 45.—12 *Do.* 156.—2 *Bos. & P.* 337.   And on this principle, coupled with the other, that money must be so retained as probably to produce a profit, interest very properly stops in all cases after a tender.   3 *John. C.* 249.—12 *John.* 274.

(4) Singleton vs.
Bank of S. C.,
1817.

(5) 10 Mass. Rep.
371.  1 do. 69.

These and many other cases, though variable in appearance, all illustrate the general principles before mentioned, and must control the question under examination.

But we have already perceived, that by an express agreement of the parties, " interest" on the sum named in the note in this action became due " annually," or at the end of each year. In this respect it resembles an instalment of principal thus becoming due: and the decisions are numerous, that after the end of each year an action could be sustained for the annual interest, as well as for an instalment.((1) The debtor, therefore, was from that time culpable for not paying it, and must be presumed to have employed it, as well as the principal, to his own profit. Consequently it is our duty to direct interest to be cast on the annual interest from the time the latter became due until judgment. The only reason assigned against its allowance in the 8 *Mass. R.* 455, is, that the creditor, by neglecting to sue for the annual interest at the end of each year, may be supposed to have waived any interest upon it. But this argument, if it proves any thing, proves too much. On this principle the creditor, unless he prosecute as soon as it becomes payable, a note which does not mention interest, may be said to waive any interest accruing on the note after it becomes due.

The only remaining objection, which has occurred to us, arises from the circumstance that the creditor will thus receive on his whole debt something approaching *compound* interest. But whatever may have been the prejudice once felt not only against compound but also simple interest, the intelligence of modern times has in a great measure dissipated it.

Compound interest, whenever promised or whenever justified by the nature of the case, would probably at this time be deemed lawful.(2) Yet in this action the principles we have adopted do not admit the casting of compound interest, but only 6 per cent. annual interest on the sum named in the note, and then 6 per cent. simple interest on that annual interest from the respective times it becomes payable, till the judgment.

*Interest is therefore to be cast accordingly.*

Peirce & al.,
Ex'rs,
*vs.*
Rowe.

(1) 5 D. & E. 553. 1 Bin. 165. 2 Mass. Rep. 598. 3 do. 221.

(2) 4 D. & E. 613. 1 John. 137, 8.