STRAFFORD BANK *versus* EBENEZER CORNELL & AL.

*The cashier of a bank is a competent witness for the bank to prove that a note belonging to the bank was lost while he was cashier.*

THIS was an action of assumpsit, brought to recover the amount of a promissory note made by the defendants for 200 dollars, dated March 2, 1808, payable to the plaintiffs in sixty days, with interest after.

The cause was tried here at this term upon the general issue, when the plaintiffs called *W. C.*, the former cashier of the bank, as a witness, to prove that the note mentioned in the declaration had been in the bank, and had been lost while the said *W. C.* was cashier. The counsel for the defendant objected that *C.* was an incompetent witness without a release, because his testimony would tend to discharge himself from being liable for his negligence. But he was admitted by the court, and the jury returned a verdict for the plaintiffs. The defendants moved for a new trial on the ground of the incompetency of the witness.

*J. Mason*, for the plaintiffs.

*J. P. Hale*, for the defendants.

The opinion of the court was delivered by RICHARDSON, C. J.

It is a general rule, that all witnesses interested in the event of a cause are to be excluded from giving evidence in favor of the party to which their interest inclines them. But this general rule has exceptions ; and it is the constant practice to admit agents to be witnesses for their principals, and servants for their masters, without a release, although their evidence may tend to discharge themselves. This exception is allowed from necessity, and for the sake of trade and the common usage of business.

The witness in the present case comes within the exception. The cashier of a bank is the agent and servant of the corporation, who transacts a great portion of their business ; and when a paper has been lost by accident, or an overpayment has been made by mistake, is often the only person who can explain how it may have happened ; and it

would be extremely inconvenient to deprive the corporation of his testimony in every case when he may by possibility be presumed to be liable for negligence. An attorney called to testify for his client has been held to be within this exception. 11 *Mass. Rep.* 242, *Phillips & al.* vs. *Bridge.* And we cannot conceive any necessity to exist in the case of an attorney, which may not be presumed to be equally pressing in the case of a cashier of a bank. We are, therefore, of opinion that the witness in this case was competent, although his situation might detract something from the credit that might otherwise have been due to his testimony.

*Judgment on the verdict.*