## GEORGE PHELPS *vs.* JONATHAN SINCLAIR.

An agent is a competent witness for his principal, although his testimony may tend to discharge himself.

Where goods are delivered by *A.* to *B.* to sell, and *B.* delivers them to a third person to sell, such third person has no lien upon the goods for his charges in relation to the goods.

Trover for eight saddles. The cause was tried here at November term, 1822, upon the general issue, when it appeared in evidence, that the saddles were the property of the plaintiff, and that in November, 1817, he delivered them to one *Joel Jones*, of Middleton, in Connecticut, to sell and account with the plaintiff for the proceeds; that in the same November, *Jones* delivered the saddles to *Thomas Hall*, jun. of Bath, in this county, and took a receipt, as follows: "*Middleton, Nov.* 10, 1817. Received of *George Phelps*, of Hebron, by the hands of *Joel Jones*, eight new man saddles, which I promise to account for to said *Jones* when sold, in such property as I may receive for the saddles, he, the said *Jones*, paying reasonable charges.

"THOMAS HALL, Jr."

These facts were proved by the testimony of *Jones*. It also appeared in evidence that the defendant, being a deputy sheriff, and having an execution against *Hall*, took the saddles as *Hall's* property and sold them. It also appeared, that at the time the saddles were taken by the defendant, there was due to *Hall* $5 for transporting the saddles from Middleton to Bath, which he had charged to *Jones*.

The defendant objected to the competency of *Jones* as a witness, on the ground of interest; and he also contended, that *Hall* had a lien upon the saddles for what was due to him, and a right of possession; so that the plaintiff could not maintain this action. The court overruled these objections, and a verdict having been returned for the plaintiff, the defendant moved for a new trial.

*By the Court.* There is no doubt, that an agent may be a witness for his principal, without a release, although his testimony may go to discharge himself. This is an exception to the general rule. 1 *N. H. Rep.* 192, *Strafford Bank vs.*

*Cornell.* The testimony of *Jones* was then properly admitted in this case.

But it is contended that *Hall* had a lien upon the saddles, and the right of possession, so that the plaintiff, having neither the possession, nor the right of possession, can maintain no action. But we consider it as settled, that if an agent or factor, for sale, agree with a third person, to take charge of a consignment, pay the freight and duties, and sell the goods; yet as against the principal, such third person has no lien on the goods. 2 *Maule & Selw.* 299, *Solly vs. Rathbone, and ibid.* 301, *Cockran vs. Irlam.* We are, therefore, of opinion, that there must be

*Judgment on the verdict.*