Richmond *v.* Bronson.

---

## RICHMOND and others *vs.* BRONSON and another.

In an action against a carrier by water for the non-delivery of property to the plaintiffs' agent at a distant port, where the plaintiffs had failed to give precise evidence of the market value of the goods at the place of delivery; *held* that the defendants might give evidence of their value at the place where they were shipped and of the expenses of transportation to the place of delivery, as a proximate method of ascertaining the damages.

In assumpsit against a carrier for not delivering goods entrusted to him to carry, interest on the value of the property is not allowable as matter of law; but the jury in their discretion may allow or withhold interest.

ASSUMPSIT tried at the Onondaga circuit in September, 1844, before WHITING, Cir. J. The defendants were sued as common carriers of a quantity of salt shipped by the plaintiffs in the defendants' vessel at Oswego, consigned to the plaintiffs' agents at Chicago. The evidence tended to show that 269 barrels were shipped and that only 121 barrels were delivered to the consignees. What had become of the residue did not appear. The plaintiffs proved by a witness that the retail price of salt at Chicago, when this parcel ought to have been delivered, was from four dollars to four dollars and a half per barrel; but the witness did not know the price by the quantity. The

defendants examined their clerk as a witness, and offered to prove by him the value of the salt at Oswego and the cost of transporting it to Chicago. This was objected to by the plaintiffs' counsel and excluded, and the defendants' counsel excepted.

The judge charged the jury, that if the plaintiffs were entitled to recover, the measure of damages was the value of the salt at Chicago, *and interest thereon from the time it ought to have been delivered.* The defendants' counsel excepted to so much of the charge as directed the allowance of interest. Verdict for the plaintiffs for $926,64. The defendants moved for a new trial on a case.

*H. A. Foster,* for the defendants. 1. There being no evidence of the market price by the quantity at Chicago, the defendants should have been permitted to give the evidence offered by them, as a proximate method of enabling the jury to ascertain the value at the place of delivery. (*Smith* v. *Griffith,* 3 *Hill,* 333, 343 ; *Masterson* v. *The Mayor, &c. of Brooklyn,* 7 *id.* 61.) 2. The judge erred in directing the jury to allow interest as matter of law. At the utmost it should have been left to the discretion of the jury to allow it or not. (*Anon.* 1 *John.* 315; *Newell* v. *Griswold,* 6 *id.* 45 ; *Watkinson* v. *Laughton,* 8 *id.* 213 ; *Amory* v. *McGregor,* 15 *id.* 24 ; *Dox* v. *Dey,* 3 *Wend.* 356 ; *Sedgw. on Dam.* 192, 394 ; *Gilpins* v. *Consequa, Peters' C. C. R.* 172.)

*J. R. Lawrence & J. J. Briggs,* for the plaintiffs.

*By the Court,* WHITTLESEY, J. A point which it was material for the plaintiffs to make out on the trial, was the value of the salt at Chicago. The witness whom they called to establish this fact proved the market value at retail, but was unable to state the value when sold by the quantity. The defendants, to give further aid to the jury in ascertaining the true market value at Chicago, proposed to prove its market value at Oswego and also the expense of transportation to Chicago. This proposition was rejected by the circuit judge.

Richmond *v.* Bronson.

It seems to me this evidence was admissible, and was improperly rejected. It certainly would not be conclusive, but it was proper to be taken into account with the other testimony in ascertaining the value. The principle which would authorize the admission of such testimony seems to me to have been settled by this court in the case of *Smith* v. *Griffith*, (3 *Hill's Rep.* 333.)

The question probably considered the most material in this case relates to the direction of the judge on the question of interest. He charged the jury that the plaintiff, if entitled to recover at all, was entitled to interest from the time of the delivery of that portion of the salt which was delivered. Spencer, senator, said in *Rensselaer Glass Factory* v. *Reed*, (5 *Cowen*, 610,) "interest is allowed also in another class of cases by juries as a measure of damages, under the advice of the court but in their absolute discretion ; which class must be carefully distinguished from that where it is allowed by the court as the judgment of law."

The instruction here was that interest was allowable as matter of law. It has indeed been held that in an action *ex contractu*, upon a contract to pay or deliver specific articles of personal property on a specified day and at a particular place, interest was recoverable as the judgment of law upon the value of the property from the stipulated day of delivery. I assent to that principle, because where the agreement is precise it seems a just and reasonable rule, and because the point has long before been so settled in this court. (*Lush* v. *Druse*, 4 *Wend.* 313.) Neither of those reasons applies to the present case. In cases like this, where there is only the general undertaking as carriers ; where the loss of the goods may have been matter of accident, without any wilfulness or intentional misconduct on the part of the carrier, and where there may be circumstances of mitigation, it is quite proper that the jury should have it in their discretion to do justice according to the circumstances, by allowing or withholding interest. There is also on this precise point an adjudication in this court, which adjudication is not overturned but is confirmed by subsequent cases. *Watkinson*

v. *Laughton,* (8 *John. Rep.* 213,) is precisely like this case. *Dox* v. *Dey,* (3 *Wend.* 356,) follows it in approving of the instructions to the jury there given ; and the principle of *Watkinson* v. *Laughton* is not affected by the case of *Lush* v. *Druse,* before referred to. These adjudications represent two classes of cases, each of which has a precedent in a precise decision in our own courts, and such precedents are not conflicting. There must consequently be a new trial.

New trial granted.