## BAILEY *v.* SHAW *& a.*

A common carrier is a competent witness for his employer without a release.

An agent who has an interest in the event of a suit to the extent of his compensation for his services, will be rendered competent by a release from the plaintiff of all claim for costs, and by making an assignment for a suitable consideration of all his interest in the suit to the plaintiff.

A common carrier, merely as such, cannot transfer any title by a sale to the property he carries, even if the sale is for a full consideration, to one who purchases in good faith, and in the absence of any marks to indicate ownership in any other person.

If an article, delivered to a carrier to be transported and delivered to the buyer at another place, is lost by the negligence of the seller, the value at the place of delivery is the proper measure of damages.

If a party in possession of property prevent the owner from showing its quality, he may be charged for the best quality of such article.

CASE. It was alleged in the first count that the plaintiff, on, &c., purchased of the defendants forty-three gallons of N. E. rum, at thirty-two cents a gallon, and furnished to the defendants good and sufficient casks to contain said rum; and it then and there became the duty of the defendants to put up and deliver said rum in said casks; yet the defendants, not regarding, &c., did not put up and deliver said rum in said casks furnished by the plaintiff, but carelessly and negligently put up and delivered said rum to the plaintiff in a poor, leaky and unsound cask, furnished by said defendants, by reason of which neglect and fault of said defendants said rum was lost, &c. The second count was in trover for one hundred pounds of wool, of the value of fifty dollars.

Upon the trial, John C. Walker was offered by the plaintiff as a witness. It appeared that he was a common carrier, and that he was employed as such to transport the wool mentioned in the second count from Canaan, Vt., to Portland, Me. The defendants objected to his admission, because he was responsible to the plaintiff for said wool, and, therefore, had a direct interest to discharge himself by proving a delivery of it to the defendants; but the court overruled the objection.

Charles Bailey was offered as a witness for the plaintiff. On

being examined by the defendants as to his interest, he testified that he had for several years transacted business as the agent, and in the name of the plaintiff; that he was formerly embarrassed in his affairs and destitute of property. The plaintiff purchased the farm he occupies, and, to some extent, furnished the means upon which he has since transacted business. It had been generally known and understood by those with whom he had dealings, that he did business only as the agent of the plaintiff, and that no particular agreement had ever been made between him and the plaintiff as to the nature or amount of his compensation for his services. The defendants then objected to the witness on the ground of his interest. To obviate this objection, the plaintiff executed and delivered to the witness a release of all liability for the costs of this action; and the witness executed and delivered to the plaintiff an assignment of all his interest in these claims; and the plaintiff proved the payment of fifteen dollars to the witness as the consideration of said assignment. The court then admitted the witness.

There was evidence tending to show that said Walker sold the wool to the defendants; and the court charged the jury that, although they should find that Walker was a common carrier, and that, as such, he sold the wool to the defendants for a valuable consideration, in the absence of any marks to indicate its ownership, and the defendants purchased it in good faith, and converted or sold it before any claim was made by the plaintiff, they would still be liable for it.

The court instructed the jury that if they found that the plaintiff was entitled to recover for the wool, and was prevented from showing its quality by the acts of the defendants, they might allow in damages the price of the best quality of wool.

The court also charged the jury that if they should find that the plaintiff was entitled to recover for the rum, they should allow him the price of the rum at Portland, the price of hauling the same to Canaan, where the loss occurred, and a reasonable profit; or, in other words, the ordinary price of such rum at Canaan.

Bailey *v.* Shaw.

Exceptions were taken to these rulings and instructions, and it was moved that the verdict returned for the plaintiff be set aside and a new trial granted.

*Fletcher* and *Haywood*, for the plaintiff.

*Burns* and *Cooper*, for the defendants.

BELL, J. It is the constant practice to admit agents to be witnesses for their principals, and servants for their masters, without a release, though their evidence may tend to discharge themselves. This is allowed from necessity, and for the sake of trade and the common usage of business. 1 Phil. Ev. 146; *Strafford Bank* v. *Cornell*, 1 N. H. Rep. 192; *Phelps* v. *Sinclair*, 2 N. H. Rep. 554; 2 Bac. Abr. 586.

Where the claim of the plaintiff, or the defence rests upon any misconduct or failure of duty of the agent towards his employer, for which the latter would be answerable over to third persons, and the agent would be responsible to him, the evidence of the servant or agent is inadmissible in favor of his employer, to support such claim or defence without a release. 1 Phil. Ev. 147; 1 Greenl. Ev. 461; 2 Saund. Pl. & Ev. 737.

It does not appear by the case that Walker, the common carrier, whose testimony was objected to, was called to show any negligence or misconduct on his part, as the foundation of the plaintiff's action, or that he gave any such testimony. The substance of his evidence was, that he was employed to transport the wool to Portland, and there left it with the defendants. Neither does the case show that the defence rested upon any misconduct of the carrier for which the plaintiff was responsible. At most it tends to show a wrongful sale of the wool, and for that the plaintiff is in no wise responsible.

The exception taken to the witness was founded upon the point that "he was responsible to the plaintiff for the wool," and not that he had been guilty of a wrong for which the plaintiff was responsible, and the witness liable over to him;

Bailey *v.* Shaw.

and if this had in the progress of the trial proved to be the fact, it could not vitiate a ruling correctly made at the time, upon the point then made and upon the facts then before the court.

It is said that this case comes within the principle stated in *Williams* v. *Little*, 12 N. H. Rep. 29, thus: " The exception to the rule by which agents are admitted to testify, notwithstanding they have an interest, relates to general agents acting in the ordinary course of business, (*Green* v. *New River Co.*, 4 D. & E. 589; *Noble* v. *Paddock*, 19 Wend. 457;) and is not applicable to a person employed as agent in a single transaction. *Edmonds* v. *Lowe*, 8 B. & C. 407; *U. S. Bank* v. *Stearns*, 15 Wend. 314; 2 Stark. Ev. 753; Roscoe's Ev. 85." Though it would seem that this exception " extends in principle to every species of agency or intervention by which business is transacted," (1 Greenl. Ev. p. 416,) it is not easy to discover a reason for the distinction thus proposed to be made between general and particular agencies; and the distinction is to be traced to the case of *Edmonds* v. *Lowe*, and no further. It is not necessary to discuss the question at this time, because the agent here was a common carrier, the very nature of whose business is an agency for all who have occasion to employ him. It does not appear that he was ever employed by this plaintiff upon any other occasion; but we think this can make no difference, since the case of the common carrier is the case always put in illustration of the rule that an agent may testify though he is interested. 1 Greenl. Ev. 459, 460; 2 Saund. Pl. & Ev. 737; 2 Steph. N. P. 1746; *Barker* v. *Macrae*, 4 Camp. 144; 1 Phil. Ev. 146.

Upon the testimony of Charles Bailey it might seem reasonable to believe that he was interested in the event of the suit to the extent of a reasonable compensation for his services as agent. If he was so, the assignment of his interest to the plaintiff for a proper consideration would obviate any objection on this account. 1 Greenl. Ev. 453; 1 Cow. & Hill's Notes to Ph. Ev. 91.

The charge in relation to the sale of the wool by the carrier was correct. If a common carrier sells the goods intrusted to

Bailey *v*. Shaw.

him for conveyance, without other authority than that which he has as carrier, he can pass no title. Though he sells the goods for a fair price to one who purchases in good faith, it makes no difference. The title of the owner is not affected by the sale, and the purchaser will be responsible to him for them. *Hartop* v. *Hoare*, 1 Wils. 8; *McCombie* v. *Davies*, 6 East 538; *Mowrey* v. *Walsh*, 8 Cow. 238; *Hoffman* v. *Noble*, 6 Met. 68; *Covill* v. *Hill*, 4 Denio 323; Ang. Carr., § 349, &c.

The principle that a person who has acquired the possession of goods, and who puts it out of the power of the owner to show the quality and value of the property by any artifice or concealment, may be held liable for the value of the best quality of such goods, is well settled. *Clark* v. *Miller*, 4 Wend. 628. It was for the jury to judge whether the plaintiff was prevented from showing the quality of the wool in this case, by any conduct of the defendants. If they found that to be the case, the rule was proper.

The price of the rum at the place of delivery was the true measure of the damages to be awarded for the loss of the rum. Substantially, that was the rule laid down for the guidance of the jury by the court in this case. *Watkinson* v. *Laughton*, 8 Johns. 213; *Amory* v. *McGregor*, 15 Johns. 24.

*Judgment on the verdict.*