CaRUTHERS, J.,
delivered the opinion of the Court.
This suit was instituted to recover the value of several boxes of cigars, forwarded by the steamboat Glendale, from Cincinnati, to the defendants in error, who resided and did business in Memphis. They were landed on the wharf at Memphis, and delivered over to one of the city draymen, by the clerk ■ of the boat, to be carried to the consignee, Yaccaro, but never delivered to him. 0'n the arrival of the boat, the bill of lading was handed to Yaccaro, but no othér notice given to him on the subject, and it does not appear by the case agreed, that he, in fact, had any notice of the arrival of the boat, further than it might be implied from the receipt of the bill of lading. The boat landed at the port on Sunday, and on the next day she was unloaded, and the cargo turned out upon the wharf at the usual place of landing, and the goods in question placed in charge of a drayman, as before stated. There is no evidence that Vaccaro was cogniz ¡nt of any of these facts, or that any authority was given by him for that mode of delivery, except it may be implied from the usage of the port.
The case was presented by agreement to the court below upon the facts and • the law. About the facts there is no dispute, as they are' clearly set forth by the parties in the form of an agreed' case, and are substantially, so far as they are' material to raise the questions of law, stated above.
*490 What shall be a sufficient delivery to discharge a •common carrier, by water, has given the courts some •difficulty in all commercial countries.
The general rule as to carriers is, that they shall deliver goods entrusted to them, to the bailor, or consignee, his agent, or as he may be otherwise directed. 1 Parsons on Con., 658, 660.
As to the most important class of carriers by land— railroads — it is the usage, founded on necessity, as they cannot leave their rails, to deposit freight intrusted to them, in their station warehouses; but the owner or consignee must be notified. Id., 663.
Upon the same necessity, to some extent, as the steamboat or ship cannot leave the water, a usage has ripened into law, that a delivery upon the wharf at a public port, with notice to the consignee, will excuse the carrier by water. When there is a contract for any particular mode of delivery, that will, of course, govern. But when the place and consignee are designated, and nothing more, the rule .is, that the delivery must be made to the owner, consignee, or some authorized agent, or safely landed upon the wharf at the designated place ■of destination or delivery, and prompt notice to the consignee. Id., 669 and note z. If the goods are delivered to a drayman, cartman, or any one else not authorized by the consignee to receive them, it is at the risk of the carrier.
The rules prescribed by the commercial and maritime code for ocean trade and foreign ports may be different, and more favorable to the carrier as to the mode of delivery, but for the internal coasting and river trade of our country, the rule stated above must govern and reg *491 ulate tlie liability of the common carrier. 3 Louisiana Rep. 224, cited by Parsons in note s.
The authorities are not in harmony in relation to the duty of the carrier in the coast or river trade. The ease of Ostrander v. Brown, in 15 John. 39, seems to require an actual delivery to the consignee to discharge the carrier from responsibility. But the conclusion of Mr. Parsons, that a delivery at the usual place at the port to which the goods are directed or consigned, with the knowledge of the consignee, by notice or otherwise, we think most reasonable,' and better supported by authority. To require personal delivery would, in many cases, be impracticable, and if not so, would operate seriously on the general interests of trade and speedy transportation. There can be no injury to the consignee with proper diligence and attention to his interest, where the goods are delivered at the proper wharf or landing, if he has knowledge of the fact. But without this, the goods would be put in jeopardy, with great danger of loss.
But even upon this relaxed rule of accountability, how does this case stand ? There is no sufficient evidence that the consignees had any knowledge of the arrival of the boat, and the landing of the goods. The delivery of the bill of lading by the agent afforded no evidence that the boat had arrived, or the time when it would arrive. It would not amount to notice of the time, or raise any reasonable presumption of it. To excuse the carrier, and relieve him of h;s legal responsibility, notice must be given, or knowledge otherwise fixed upon the consignee; not only that the goods have been shipped, or are on the way, but that they are at *492 the wharf, so that they may he taken charge of at once, and secured from hazard by the person interested'. This important fact is not made out in the case before trs, and’, therefore, the defendants were- properly held liable. The usage or custom of that" port cannot he allowed to excuse notice; it is enough to give it the effect of dispensing with actual delivery to the consignee. Nor can the custom of delivering goods to public draymen have the effect of superseding the require--ments of the law on this subject. That this consignee, and many others, had submitted to- it before, when no-loss occurred, would not bind them to yield their legal right to notice when it became their interest to assert it. Such a custom cannot change the law in that respect.
A question is made as to the measure of damages. The Court allowed the value of the goods at Memphis instead of their cost at Cincinnati. There was a difference of $100. At the latter place it is agreed they were worth or cost $500, and- at the former $600: "Where a carrier makes a wrong delivery, or fails t& deliver, so as to become liable, “ the net value of the goods at the place of delivery is the measure of damages.” 2 Par. on Con., 468; 8 John., 213; 15 John., 24. The case in 4 Hay., 114, is not in conflict. That case prescribes the measure of damages to he the value at the place of reception, and not delivery, where there is no fault or neglect, but admits it would he different where these exist.
The judgment. will he affirmed.