Krohn *v.* Oechs.

---

## KROHN *vs.* OECHS.

It is well settled that when a loss to cargo, from leakage or otherwise, occurs in the port where it is laden, and before the voyage begins, the carrier is liable for its value at such port. But when the loss happens after the vessel has left the port of shipment, then the value of the goods at the place of destination, deducting the charges, furnishes the true rule of damages.

THIS action was brought by the plaintiff, a common carrier, for freight on a lot of wines, olive oil, &c. from Bordeaux to New York. The defendant set up a counter claim for loss by leakage of wine from some of the casks. It was proved that the wine was properly stowed and dunnaged. That the stowage was by the defendant's men, and the port warden proved that when he examined the cargo in this port he found it well stowed and dunnaged. There is no evidence to show at what period of time the injury occurred. The judge charged the jury that if the damage was caused by the negligence of the captain in placing too much weight on the casks, the defendant was entitled to counter claim the value. In the course of the trial he confined the defendant to proof of the value at the port of shipment, and excluded proof of value at the place of destination; to which the defendant excepted. The jury allowed the counter claim, and assessed the damages at the price of the wine at Bordeaux. Judgment was entered in favor of the plaintiff for $436.25, damages and costs, and the defendant appealed.

Krohn *v.* Oechs.

*J. H. Dukes,* for the appellant. I. The court erred in holding that the measure of damages was the cost of the wine at Bordeaux, the place of shipment, and excluding evidence as to the market value of the wine at New York, the place of destination. (*Brand* v. *Bowlby,* 2 *B. & Ad.* 932. *Bracket* v. *McNair,* 14 *John.* 170. *Amory* v. *McGregor,* 15 *id.* 24. *Van Winkle* v. *U. S. Mail Steamship Co.,* 37 *Barb.* 122. *Angell Law Carriers,* § 482, *and following. Sedgwick on Damages,* 356, *marginal paging. The Joshua Baker, Abb. Adm. Rep.* 215. *The Gold Hunter, Blatch. & How. Rep.* 301. *Arthur* v. *Schr. Cassius,* 2 *Story,* 81. *Green* v. *Clarke,* 2 *Kern.* 343.)

II. The court erred in instructing the jury: "If you find there were 225 gallons out, then the amount of your verdict will be $247.79, adding interest. If you find the number of gallons was 300, the amount will be $219.72." These instructions were based on the idea that the measure of damages was the cost of the wine at Bordeaux.

*J. Buchanan Henry,* for the respondent. I. The judge's ruling was correct, and judgment should be affirmed. The measure of damages, where goods are lost before the ship of the carrier leaves the port of lading, is the value of the goods at that port, and not the value at the port of destination, less the cost of transportation. This was decided, after full review of leading cases, in *Lakeman et al.* v. *Grinnell et al.* (5 *Bosw.* 625. *Also see Smith* v. *Richardson.* 3 *Caines,* 219 ; *Wheelwright* v. *Beers,* 2 *Hall,* 391 ; *Watkinson* v. *Laughton,* 8 *John.* 215 ; *Dusar* v. *Murgatroyd,* 1 *Wash. C. C.* 13.) The plaintiff's vessel lay in port for a week after these casks had been stowed ; and (adopting the theory of the defendant) the crushing weight placed in loading on top of the casks, must, by the law of gravitation, have begun to act from the very moment the weight was so imposed, *causing the leakage and loss of the wine while the ship was yet in the port of Bordeaux,* and before she began her

voyage. This would bring it under the rule laid down in *Lakeman et al.* v. *Grinnell et al.* (5 *Bosw.* 625,) and warranted the judge in ruling as he did.

II. The cases where the rule adopting the price at the port of destination is applied, are uniformly cases where the voyage has been proceeded on before the loss occurred; and it is proved that the goods were carried away from the port of lading. (*Watkinson* v. *Laughton*, 8 *John.* 213. *Elliott* v. *Rossell*, 10 *id.* 1. *Bracket* v. *McNair*, 14 *id.* 170. *Amory* v. *McGregor*, 15 *id.* 24.)

III. Where the cargo is lost before proceeding on the voyage, the cost or home value is the only certain rule, and it affords an exact indemnity to the shipper and is just to the carrier. In this case, to have taken the value at New York would have involved speculative inquiries into violent fluctuations of price, dependent not upon the great law of supply and demand, but upon the violent leaps or bounds of a paper currency, affected favorably or unfavorably by political causes, or the elation or depression following upon military successes or reverses. The testimony of the defendant's agent is, that this wine cost in Bordeaux only 30 cents a gallon; and yet the defendant seeks to compel the plaintiff to pay $1.16 per gallon, or nearly 400 per cent profit! Therefore, to hold that the rule of damage should have been the price in New York would, owing to the disorder of the currency, work monstrous injustice to the carrier.

IV. Admitting that the plaintiff was in fault, still the testimony shows that the defendant, too, was to blame for the stowage, as these casks were stowed by the defendant's own chosen stevedores. This circumstance should incline the court to construe the rule of damages leniently to the carrier.

V. If the appellate court does not affirm the judgment, it must order a new trial, so that the plaintiff may, under such ruling on the question of damages, be permitted to show what the real market value of this wine was in New York. Under

Krohn *v.* Oechs.

the ruling of the learned judge below, it would have been irrelevant for the plaintiff to go on and show the value at the place of destination. A new trial only can be ordered under the circumstances. ·(*Chouteau* v. *Suydam*, 21 *N. Y. Rep.* 185. *Boyd* v. *Foot*, 5 *Bosw.* 110. *Halsey* v. *Flint*, 15 *Abb.* 368. *Griffin* v. *Marquardt*, 17 *N. Y. Rep.* 28. *Witherhead* v. *Allen*, 28 *Barb.* 661. 2 *Whit. Pr.* 753.)

INGRAHAM, J. There is a distinction between the cases, arising out of the inquiry at what place the loss occurred. In some of the cases the action was for not bringing the goods from the port of departure ; and in such cases the rule of damages is the difference between the value of the goods at the place of shipment and the value at the place of destination. Such were the cases of *Smith* v. *Richardson*, (3 *Caines*, 219 ;) and *Medbury* v. *The N. Y. and Erie Railroad Co.* (26 *Barb.* 564.)

And where the goods are destroyed or lost in the foreign port, before the departure of the vessel, the rule of damages has been held to be the value at the place of shipment. (*Dusar* v. *Murgatroyd*, 1 *Wash. C. C. Rep.* 13.) But where the loss occurs after the vessel has left the place of shipment, then the value of the goods at the place of destination, deducting the charges, furnishes the true rule of damages. In *Watkinson* v. *Laughton*, (8 *John.* 213,) damages were given for the value of the goods at the place of destination, deducting the charges. (*See Van Winkle* v. *U. S. Mail Steamship Co.* 37 *Barb.* 122.) There is nothing in the evidence to warrant the conclusion that the loss occurred in port, before the vessel sailed. On the contrary, the port warden testified that the casks were properly stowed and well dunnaged ; that there was no undue pressure on them ; and that he thought the injury had been caused after the vessel had sailed. The weight of evidence is against the supposition that the loss had occurred in *port*.

Krohn *v.* Oechs.

If it was a matter of doubt whether the loss occurred before, or after, leaving port, it became a question for the jury to pass upon; and the evidence of value at the place of destination was material, if the jury found the injury to have occurred after sailing.

The judge erred in excluding the evidence of value in the port of destination.

A new trial should be granted; costs to abide the event.

MULLIN, J. The jury did not allow the plaintiff the full amount of freight claimed and proved by him. They must therefore have deducted the value of the wine lost from the casks after it was put on board the plaintiff's vessel at Bordeaux. The court admitted evidence of the value of the wine at Bordeaux, and rejected evidence of its value at New York, the port of delivery. In this I think the learned judge erred. It seems to be well settled that when the loss of cargo occurs at the port where it is laden, and before the voyage begins, the carrier is liable for its value at such port. But when the loss happens after the voyage has been begun, then the value must be estimated at the port of delivery.

There is no evidence that the loss in this case occurred before the beginning of the voyage; and in the absence of any finding upon the point, I do not think it can be inferred, from the facts proven.

In estimating the value of the wine in question, at New York, it is not intended to give to the defendant the value of the wine after the duties or any other charges are paid on it. The value to which the defendant was entitled, was what the wine was worth on board ship in the port of New York, less the freight on the same from Bordeaux.

I have not seen a report of the case referred to by the learned judge in his opinion, and I cannot say whether the judge has given all the material facts of it. But as stated,

it seems in conflict with reported adjudications, and a departure from a well settled rule of law.

I think the judgment should be reversed, and a new trial ordered; costs to abide the event.

CLERKE, J. concurred.

[NEW YORK GENERAL TERM, November 5, 1866. *Ingraham, Clerke* and *Mullin,* Justices.]