Jane Greer KELLY, Plaintiff-Appellant,

v.

GREER STEEL COMPANY, Defendant-Appellee.

No. 14829.

United States Court of Appeals Sixth Circuit.

Nov. 15, 1962.

---

William H. Arkin, Washington, D. C., for appellant.

Richard F. Stevens, Cleveland, Ohio, (J. Richard Hamilton, Cleveland, Ohio, and Albert B. Arbaugh, Canton, Ohio, on the brief; Baker, Hostetler & Patterson, Cleveland, Ohio, Black, McCuskey, Souers & Arbaugh, Canton, Ohio, of counsel), for appellee.

Before CECIL, Chief Judge, McALLISTER, Circuit Judge, and DARR, Senior District Judge.

PER CURIAM.

The plaintiff-appellant, Jane Greer Kelly, brought an action in the United States District Court for the Northern District of Ohio, Eastern Division, to recover from the defendant-appellee, Greer Steel Company, dividends on stock of said company which she claims to own. The parties will be referred to as plaintiff and defendant.

The plaintiff alleges in her complaint that she owns shares substantially in excess of twenty-eight, but she does not know the exact number or the aggregate amount of unpaid dividends. She admits the receipt of dividends on twenty-eight shares.

The trial judge granted summary judgment for the defendant and the plaintiff appealed.

The records of the company show that Agnes Jane Reeves Greer, mother of the plaintiff, endorsed stock certificates 19, 22, 23, 24 and 25, "my daughter Jane Greer Raese." Certificates numbered 20 and 21 were endorsed "my daughter Jane Greer." Beneath each of these endorsements is a typewritten statement as follows: "The above transfer having been supplied in error, request is hereby made for the reissuance of the indicated shares in my name as registered owner. December 5, 1952." The endorsements were signed "Agnes J. Reeves Greer." These certificates represented 2480 shares and they were cancelled December 5, 1952. New certificates were issued to Mrs. Greer for 2355 shares. The balance of 125 shares were issued to plaintiff, her children and former husband.

Certificates 19 to 25, from the time the endorsement was placed on them, until they were sent in to the company for reissue, were continuously in the possession of Mrs. Greer. At the time she placed the endorsement on the certificates, she thought she might precede her husband in death and she was apprehensive that he would leave all of his property to an educational institution. She told no one of the endorsement and sealed them in an envelope and placed them in her safety deposit box with a statement that in the event of her death they were to be delivered to her daughter.

After her daughter's first marriage she added the name Raese to all of the certificates, except 20 and 21. It was an oversight that these were missed. She then resealed them in an envelope and again placed them in the safety deposit box with the same instructions.

There was never any delivery of these certificates, either actual or constructive, to the plaintiff by her mother, nor was there any intention, on the part of the mother, to ever have them delivered to the plaintiff during the mother's lifetime. The undisputed evidence before the Court disclosed that the plaintiff had no support for a claim of ownership, either legal or equitable, to the certificates in question.

We conclude that the pleadings, depositions, affidavits and stock record of the company, all before the Court at the time the motion for summary judgment was granted, conclusively show that there

was no genuine issue as to any material fact and that the defendant was entitled to judgment.

The judgment of the District Court is affirmed.