Hillsborough
No. 81-157

## MATHEW A. LIPSKI

v.

## ARNOLD POLONSKY

June 11, 1982

*Winer, Lynch & Pillsbury,* of Nashua (*Robert W. Pillsbury* on the brief and orally), for the plaintiff.

*McLane, Graf, Raulerson & Middleton P.A.,* of Manchester (*James R. Muirhead* and *Daniel F. Lyman* on the brief, and *Mr. Muirhead* orally), for the defendant.

KING, C.J.  The plaintiff appealed after a trial by jury in the Superior Court (*Flynn,* J.). The plaintiff was awarded a verdict at trial, but argues that certain errors were made in calculating the monetary award. We affirm in part, reverse in part and remand.

530

The plaintiff, Mathew A. Lipski, brought four actions against the defendant, Arnold Polonsky. The first action sought repayment of a loan, evidenced by four promissory notes, from the plaintiff to the defendant in an amount of $60,000. The second claim was founded on the defendant's alleged failure to buy and sell certain stocks for the plaintiff's account and the damages sustained as a result of such failure. The third cause of action involved 4500 shares of stock loaned to the defendant in 1969. The fourth cause of action, asserted for the first time at trial and ruled inadmissible by the trial judge, concerned a loan obtained by the plaintiff from the Littleton Savings Bank in February 1973.

Between August 1969, and November 1969, the plaintiff lent the defendant $60,000 in exchange for four promissory notes payable on demand. The notes did not recite any interest. In 1973, the plaintiff demanded repayment. At trial the defendant admitted liability, and the trial court entered judgment against him. The trial court concluded that interest would accrue from the date of demand. The plaintiff seeks interest from the date the loan was made.

■ RSA 382-A:3-122 states that interest on a demand note accrues from the date of demand. RSA 382-A:3-122(4)(a) (Supp. 1981). New Hampshire recognized this principle even before the adoption of the Uniform Commercial Code. See Kendall v. Brownson, 47 N.H. 186, 199 (1866) (Doe, J., dissenting); Peirce v. Rowe, 1 N.H. 179, 182 (1818); RSA 524:1-a; cf. Griffin v. Avery, 120 N.H. 783, 787, 424 A.2d 175, 177 (1980). The plaintiff has attempted to distinguish the notes in the instant case from those contemplated in the Uniform Commercial Code and the case law. We cannot agree that there is any distinction. Accordingly, we affirm the trial court's decision that interest would accrue from the date of demand.

The plaintiff's next arguments focus on the second and third causes of action involving certain stock the plaintiff lent to the defendant. In 1969, the plaintiff lent the defendant 4500 shares of stock in Brilund Mines. The defendant retained some of this stock and sold the remaining 1200 shares in order to purchase other stock which the defendant used as collateral for a loan on his farming business. There is nothing in the record to indicate that the defendant did not have a right to sell this stock. Throughout the period from 1969 to 1973, the defendant participated in the purchase and sale of certain stocks for his own account and for that of the plaintiff.

In June of 1973, the plaintiff demanded the return of his 4500

shares of stock and repayment of the $60,000 loan. Between 1973 and the initiation of the lawsuit, the defendant returned 1000 shares of Brilund stock to the plaintiff and tendered an additional 2300 shares of the stock, which the plaintiff refused. In 1975, the defendant retendered the same 2300 shares of Brilund stock, together with $31,843.38 worth of other stock which had been purchased from the proceeds of the sale of the 1200 shares. Although the plaintiff accepted the initial 1000 shares, he refused to accept the additional 2300 shares of Brilund stock or the other stock tendered to him by the defendant.

The plaintiff claims that the tender was at most a partial tender because it did not include the $60,000 repayment of the loan. We disagree. Because the loan of $60,000 and the loan of stock were separate transactions, the fact that the loan was not repaid does not affect the tender of the stock. We conclude that the defendant's tender of the stock was sufficient because he was prepared to return all of the Brilund Mines stock he still possessed and other stock representing an amount received for the sale of the additional 1200 shares of Brilund Mines.

■ It is unclear whether the tender offer was monetarily equivalent to the original 4500 shares. The jury concluded that the cash value of the 1200 shares at the time of trial was higher than the value of the stock tendered by the defendant, and, consequently, the trial court ordered the higher sum paid. The value as determined at trial, however, does not affect the sufficiency of the tender at the time the tender was proffered. Because the tender of stock was adequate, the plaintiff is not entitled to interest from the date of tender to the present.

■ The plaintiff is entitled to the dividends on the stock tendered. He received the dividends up until the date of tender, and we cannot find a reason to prevent him from continuing to receive the dividends after that date. *See Kelly v. Greer Steel Company*, 309 F.2d 786, 787 (6th Cir. 1962) (per curiam) (owner of stock entitled to dividends); *cf.* RSA 382-A:3–604(1).

■ The plaintiff believes that the defendant spent less on the purchase of new stock than he received from the sale of the 1200 shares. The plaintiff also argues that the trial court erroneously denied his request for accrued interest on the difference between the amount the defendant spent on stock bought to replace the 1200 shares of Brilund Mines and the amount the defendant received for the Brilund shares. The plaintiff, however, did not demand the deficiency payment at any time before trial. There-

fore, under the provisions of RSA 524:1-a, he can collect interest on this sum only from the date of the writ. *See Griffin v. Avery*, 120 N.H. at 787, 424 A.2d at 177.

The plaintiff's final argument is that the trial court improperly denied his request for an accounting of the proceeds of the loan from the Littleton Savings Bank. The first request for an accounting, and the first claim of a deficiency in repayment, however, were presented during the plaintiff's opening statement at trial. The trial court concluded that the requests were beyond the scope of the pleadings, and we agree.

> *Affirmed in part; reversed in part; remanded.*

BROCK, J., did not sit; the others concurred.