### Alvord *vs.* Baker & Cooper.

*Orders for goods,* in the hands of the *drawee,* are *prima facie* evidence of goods sold to the drawer, delivered to the payee at his request—not so with *orders for money ;* they are presumed to be drawn, nothing appearing to the contrary, upon funds in the hands of the drawee, and if paid, give no cause of action against the drawer, unless that presumption is rebutted by other evidence.

Where one party having a demand against another, pays such other a sum of money and takes a receipt in full of all accounts, a jury are warranted in the presumption that the accounts on both sides were settled, if no explanation is given relative to the receipt.

ERROR to Monroe common pleas. Alvord sued Baker and Cooper in a justice's court, and on the trial produced two orders drawn on him by the defendants for *harness work,* one dated 2d September, 1830, requesting the plaintiff to let the *bearer* have five dollars in harness work, and the other dated 23d September, 1830, requesting the plaintiff to make G. W. Worden such a set of one horse harness as he wanted. There was no proof that the first order was honored, except what arose from its production by the drawee ; it was proved that the second order was presented and accepted, and that the plaintiff observed that he would accept it, for he was owing the defendants. The defendants produced their account books, in which was

entered an account against the plaintiff for *blacksmith work* done previous to the 30th September, 1830, amounting to $30,18, which account the plaintiff admitted, but said he had paid it, and produced a receipt signed by the defendants, dated 12th December, 1830, in which they acknowledged to have received of the plaintiff $12, in full of all book accounts for blacksmithing done previous to the 20th September, 1830. The justice gave judgment for the defendants for costs. The plaintiff sued out a certiorari to the Monroe common pleas, who *affirmed* the judgment. Whereupon the plaintiff sued out a writ of error to this court.

*M. T. Reynolds,* for the plaintiff.

*C. P. Kirkland,* for the defendants.

*By the Court,* SUTHERLAND, J. The payment of the last order was proved. There was no evidence of the payment of the first, except the fact that it was in possession of the plaintiff, and that the giving it was admitted by the defendants; this, I think, is *prima facie* sufficient. Orders for goods in the hands of the drawee are evidence of goods sold to the drawer, and delivered to the payee at his request. In this respect they differ from orders for the payment of money, which are presumed to be drawn, nothing appearing to the contrary, upon funds in the hands of the drawee; and if paid, give no cause of action against the drawer, unless that presumption is rebutted by other evidence.

The only question here is, whether the evidence, or circumstances of the case justify the conclusion, that these orders were credited to the plaintiff in part payment of the defendants account, in the settlement which took place on the 12th December, 1830. G. W. Worden, in whose favor the largest order was drawn, testified that when presented to the plaintiff, he said he would accept it, *for he was owing the defendants.* This shows that he expected and intended to apply it on the defendant's account against him.

The defendants produced their books containing an account against the plaintiff for blacksmith work, done previous-

ly to the 20th September, 1830, for $30,18. The plaintiff admitted the account, but said he had paid it and had the defendant's receipt, which he produced. This receipt shows that only $12 were paid to the defendants at that time, although the receipt is in full of all book accounts for blacksmith work up to the 20th September, 1830, and bears date the 12th December of that year. Now, without any further explanation whatever, I think a jury might infer from these circumstances that these orders were credited to the plaintiff in the settlement of the defendants' account. For although the amount of the order and the payment does not precisely coincide with the defendants' account, the difference is not large. This undoubtedly was the conclusion to which the justice came, who stood in the place of the jury; and that judgment having been reviewed and affirmed by the court of common pleas, I think, considering the trifling nature of the case, and the amount involved, we ought not now to reverse it.

Judgment affirmed.