### KENDALL *v.* BROWNSON.

If the defendant relies upon payment as a defence, either upon the general issue or a special plea, the burden rests upon him to prove payment.

If the court in their discretion allow leading questions, it will be presumed, unless the contrary appears, that there was a proper case for the exercise of the discretion.

ASSUMPSIT on a note dated March 28, 1860, signed by the defendant and payable to the plaintiff or order.    The defence was payment made by the defendant to the plaintiff about a month after the date of the note.    The execution of the note was admitted under the rule and not denied on trial ; and the only question of fact in the cause was whether the note was so paid.

The plaintiff and defendant were both witnesses, each for himself.    In examining the defendant his own counsel, were permitted by the court in the exercise of its discretion, to put leading questions, to which the plaintiff excepted.

The plaintiff requested the court to instruct the jury that on the question of payment of the note the burden of proof was on the defendant. The court refused so to instruct the jury ; but did instruct the jury that upon the whole case the burden of proof was on the plaintiff ; that if the defendant had introduced no evidence the burden of proof would have been supported by the introduction of the note, the signature being proved, or admitted expressly, or under the rule ; and that in such case the plaintiff would have had the verdict ; but that the defendant having introduced evidence tending to show payment, it was for the jury to determine whether the note and all other evidence on both sides being considered, the evidence preponderated in favor of the plaintiff ; that if it

preponderated in his favor never so little he was entitled to the verdict; that if it preponderated in favor of the defendant, or if it was in equilibrium and did not preponderate either way, the verdict should be for the defendant; that the defendant was entitled to the verdict unless upon the whole case it was more probable than otherwise that the plaintiff was entitled to it.

A verdict was returned for the defendant, which the plaintiff moves to set aside for error in the foregoing rulings and instructions.

*H. & G. A. Bingham*, for the plaintiff.

The general rule is that a party cannot examine his own witness by leading questions. 1 Greenl. Ev. sec. 434; 1 Starkie's Ev. 124. There are certain well defined exceptions to the rule. 1 Greenl. Ev. sec. 435; 1 Starkie's Ev. 126; *Carr* v. *Severance*, 43 N. H. 65. The case must show that the discretion of the court was exercised in a proper case under one of the exceptions. In this case the sole party was allowed to be examined generally with the privileges of cross-examination. No proper case for the exercise of such discretionary power being made, the court had no such authority. *Steer* v. *Little*, 44 N. H. 617.

The defence to the note was payment. In such case the burden of proof is on the defendant. *Buzzell* v. *Snell*, 25 N. H. 474; *Chesley* v. *Chesley*, 37 N. H. 229; *Brooks* v. *Barret*, 7 Pick. 94.

*H. Hibbard*, for the defendant.

The allowance of the leading question to the defendant when testifying as a witness was a matter within the discretion of the judge who tried the cause, and the exercise of his discretion cannot be revised here. *Steer* v. *Little*, 44 N. H. 613, and *Hale* v. *Taylor*, lately decided in this district and not reported. Parties and other interested persons stand on no different ground in this respect from ordinary witnesses. Act of 1857, ch. 1952.

The ruling in regard to the burden of proof was technically correct. The plea was the general issue. Upon that issue, or in other words, upon the whole case, the burden of proof, and consequently the right to open and close, was with the plaintiff. If the defendant had pleaded payment without the general issue, thereby admitting the making of a valid note and relying solely upon the matter in discharge, he would have assumed the burden of proof and acquired in return the right to open and close. *Bellows, J.*, in *State* v. *Bartlett*, seems to understand that in civil cases the burden of proof depends on the state of the pleadings as disclosed by the record.

The burden of proof is always on him who takes the affirmative in pleading. From this general principle, which is sustained by all the authorities, all that was said by the court in this case on this subject is a necessary logical sequence. Upon the general issue in assumpsit, the question otherwise stated is whether or not at the time of the commence-

ment of the suit the debt claimed was due. It is incumbent on the plaintiff, who alleges the affirmative, to sustain his allegation by a preponderance of all the proof. The issue thus made is one and the same throughout; the burden never shifts, and from the nature of the case cannot shift. The question of law as to the burden of proof and the right to open and close is settled by the state of the pleadings. *Phelps* v. *Hartwell*, 1 Mass. 335 ; *Crowninshield* v. *Crowninshield*, 2 Gray 524.

The rule for which we contend has been established in criminal cases in this State, *State* v. *Bartlett*, 43 N. H. 224, and such is substantially the doctrine of *Com.* v. *Hawkins*, 3 Gray 446, notwithstanding prior decisions of a different character. *Com.* v. *York*, 9 Met. 93, and dissenting opinion of *Wilder, J. Vide*, also, *Com.* v. *Kimball*, 24 Pick. 336, 373 ; *Com.* v. *Dana*, 2 Met. 229, 340 ; *United States* v. *Meigs*, 2 Curtis 1.

The declaration in assumpsit contains an averment that the claim is not paid. The question of payment may be tried under the general issue. This averment is put in issue by that plea, and it follows as a necessary corollary that the burden of proof as well as the right to open and close is with the plaintiff.

Much of the inconsistency in the *dicta* of the judges in certain Massachusetts cases on this subject, seems to have arisen from inattention to the distinction between two very different things, that is, making a *prima facie* case and shifting the burden of proof.

PERLEY, C. J. It would seem to be a well established rule of practice, that in certain cases the court have a discretion to allow leading questions ; and in some jurisdictions it is held that this discretion is unlimited, and that the exercise of it cannot be revised in another tribunal or in a case reserved. *Bliss* v. *Sherman*, 47 Me. 248, 253 ; *Parsons* v. *Hough*, 38 Me. 137 ; *Black* v. *The Camden & Amboy R. R.*, 45 Barbour.

In this State we must regard it as settled that the discretion of the court to allow leading questions is not unlimited ; that it can only be exercised in a proper case ; and that in order to make a proper case there must be something in the character, position, or feelings of the witness, or in the nature of the facts to be investigated, which makes the leading questions necessary to draw out the truth from the witness. *Severance* v. *Carr*, 43 N. H. 65 ; *Steer* v. *Little*, 44 N. H. 613, 616.

In the cases which have heretofore been considered in this State, the questions objected to as leading, and the circumstances which showed the ground on which they were allowed, have been stated, so that it could be seen whether there was a proper case for the exercise of the discretion of the court. But in the present case it does not appear what the leading questions were, nor on what grounds they were allowed. It only appears generally that leading questions were permitted in the discretion of the court ; and we are called on to say whether, where nothing is shown to the contrary, it will be presumed that there was a proper case for the exercise of this discretion.

We think it must be presumed that the discretion of the court was properly exercised unless the case states enough to show to the contrary; that the party, who objects to a question as leading and proposes to have the point further examined, should see that his case states all the facts necessary for the consideration of the question.

When the plaintiff had produced the note described in his declaration, the execution of it being admitted by the rule, his case was made out, and he was entitled to a verdict, unless his *prima facie* case was overthrown by evidence coming from the defendant. The defendant did not deny that the note was made on a sufficient consideration, and was originally a valid security; but he undertook to prove that he had paid it, and that was his sole defence. He did not rely on a negative of the plaintiff's *prima facie* case, but set up in answer to it the affirmative fact of payment. It is true, he said, I gave you this note, and it was a valid contract, which I was bound to perform, and I will prove that I have performed it by payment; and the only fact tried in the cause was whether after the note was made the defendant paid it. Besides other conflicting evidence on this point there was the contradictory testimony of the parties. On this question of fact, had the plaintiff or the defendant the burden of proof?

The court, in substance, instructed the jury that on the question of payment the burden of proof was on the plaintiff, and not on the defendant; for inasmuch as the only question before the jury was whether the note had been paid, as the defendant alleged, the instructions amounted to neither more nor less than that in the conflict of evidence on the question of payment, the burden of proof was on the plaintiff to show that the note had not been paid. Neither the note nor anything else in the case was before the jury for their consideration, except so far as it was competent evidence on that point. The whole case on the trial consisted of the evidence legally bearing on that fact; and with anything beyond that the jury had nothing to do. They were instructed that, if looking to the note and all other evidence on both sides, the balance was in favor of the plaintiff, he was entitled to the verdict; but if the balance was in favor of the defendant, or the evidence was in a state of equilibrium, the defendant was entitled to the verdict: that the defendant was entitled to a verdict unless upon the whole case it was more probable than otherwise that the plaintiff was entitled to it. But the whole case before the jury consisted of the evidence on the question of payment, and therefore instructing them that the defendant was entitled to the verdict, unless on the whole case it was more probable than otherwise that the plaintiff was entitled to it, is only a circuitous way of saying that the plaintiff had the burden of proof on the question of payment, that being the only question in the cause.

This was not a case where the note being admitted was *prima facie* evidence of the debt, and evidence was afterwards introduced to show that the note was never due. As the whole defence and the whole trial turned on the question of payment, the jury were not called on to consider, nor were they at liberty to consider, any matter relating to the original validity of the note. No other question was before them in any

stage of the cause, except the fact whether the note had been paid as the defendant alleged and undertook to prove. The defendant set up the affirmative fact of payment, and relied on that fact alone to defeat the plaintiff's action; and according to what I have understood to be a familiar rule of practice in this State, the burden of proof was on him to make out the affirmative fact on which he relied, and which he undertook to prove.

This question I cannot but regard as settled by the practice and upon authority in this State.

Where the action is assumpsit to recover money due by the contract of the defendant, and the defendant, admitting the validity of the contract, undertakes to prove that he has performed it by payment, the burden of proof on the question of payment must be the same whether the money was due by a promissory note or other simple contract. If the action was to recover money due for goods sold, and the defendant, admitting the sale of the goods and his liability to pay for them, relied for his defence upon the fact of payment, no distinction affecting the present question could be taken between such a case and one where the defence was payment to an action on a promissory note; nor can it for this purpose make any difference whether the payment is alleged to have been made in money or in commodities.

In *Buzzell* v. *Snell*, 25 N. H. 474, the action was assumpsit for the price of a sleigh. The general issue was pleaded to the whole declaration, except $7.10, and of that sum a tender was pleaded. Under the general issue the defendant gave evidence of payment in specific articles. The court instructed the jury that on the question of payment the burden of proof was on the defendant to show the fact. To this and other instructions and rulings the defendant excepted. The eminent counsel who argued the case for the defendant, gave up this point on the hearing, and conceded that the instructions of the court upon the question which of the parties had the burden of proof were correct; which most certainly he would not have done if in his long and large experience he had not understood that the law on that point was too clearly against him to encourage discussion; and as the point was yielded by the defendant's counsel, it was merely adverted to and taken for granted in the opinion of the court. It was conceded by counsel and assumed by the court, that the burden of proof was on the defendant to prove the fact of payment, on which he relied; and the question, though distinctly raised in the case, is treated both by court and counsel as one determined by a rule of practice too well settled to warrant the counsel in denying it, or to call on the court to discuss and explain it in their opinion. The exception taken on the trial and reserved in the case was overruled and judgment rendered on the verdict. The case must therefore be regarded as an authority in point. The head note to the reported case states the decision to have been, that, "If the defendant relies upon payment as a defence, either upon the general issue or a special plea, the burden rests upon him to prove the payment." The evidence in that case, as in this, was introduced under the general issue, and the head note is not the unwarranted inference of a careless reporter, but a correct statement

of the precise point raised and decided in the case.   In a matter of practice like this the circumstance that the point was conceded by counsel and taken for granted by the court, instead of weakening the authority of the case, makes it stronger than it would have been if the question had been treated as doubtful, and decided after strenuous argument by counsel, and elaborate discussion by the court.   I have not been able to distinguish the present case from *Buzzell* v. *Snell*, and I feel obliged to regard that one as an authority in point and decisive of this question.

We have several other cases in which the rule is expressly stated, or incidentally recognized, that the party, who, in any stage of a cause, and without regard to the issue under which his evidence is introduced, sets up an affirmative proposition in answer to the case of his adversary, has the burden of proof to maintain the proposition.

In *Belknap* v. *Wendell*, 21 N. H. 175, 181, *Gilchrist, C. J.*, in delivering the opinion of the court, says : "Where the affirmative is upon a party he has the right to open and close ; and this is the case although the burden of proof may shift in the course of the trial.   In a suit upon a written contract the plaintiff produces his evidence, proves the signature of the defendant, and stops.   The defendant then alleges payment, want of consideration or other matter of defence ; the burden of proof is upon him ; and yet the plaintiff opens and closes the argument." Here the rule is referred to by way of illustration as one entirely familiar in practice, and applied to a case precisely like the present, where payment is set up as a defence in the course of the trial after a *prima facie* case made out by the plaintiff.

In *Perkins* v. *Perkins*, 39 N. H. 163, the question, whether the party, who sets up insanity of the testator to defeat a will, has the burden of proof, is treated as independent of the form of the issue under which the evidence is offered.   The same may be said of *Pettes* v. *Bingham*, 10 N. H. 514.   In that case *Parker, C. J.*, cites from *The Attorney General* v. *Parthener*, 3 Bro. 443, the rule that if insanity be proved and a lucid interval is alleged at the time of the execution of the will, the burden of proof attaches to the party alleging such lucid interval, which shows that the burden of proof may shift during the trial as successive points are established in evidence by the respective parties. In the *Judge of Probate* v. *Stone*, 44 N. H. 593, it was held, that, however often the burden of proof may shift in the course of the trial, the party that has the *primary* burden of proof has the right to open and close.   *Emerson* v. *White*, 29 N. H. 482, 492, and *Merrill* v. *Locke*, 41 N. H. 486, 491, are to the point that the burden of proof does not depend on the form of the issue, and that under the same issue it may shift in the progress of the trial.

An examination of the cases bearing on this question, shows clearly, as I think, that in this State it has all along been regarded as a settled general rule of practice in civil actions, that, whenever a party in any stage of the cause, under any form of pleading, sets up an affirmative proposition in answer to his adversary's case, he has the burden of proof to maintain the affirmative fact on which he relies.   This general recognition of the rule in practice, and the direct authority of *Buzzell* v.

*Snell,* I consider to be decisive of the present question; for in a matter of practice like this, I do not think we are warranted in disturbing what I understand to be the present rule of law in order to introduce a speculative novelty, even if it were supported by plausible general reasons and the authority of decisions in other jurisdictions.

So far, however, as I have been able to learn, the practice elsewhere is in substantial agreement with what I suppose to have been our own; and on this particular point all the authorities that I have seen, are unanimous that where a defendant relies on payment, whether under the general issue or a special plea, the burden of proof is on him.

In *Powers* v. *Russell,* 13 Pick. 69, it was held that where the party having the burden of proof gives *prima facie* evidence of a fact, and the adverse party, instead of introducing proof, which would go to negative the same proposition of fact, proposes to show another and distinct proposition, which avoids the effect of it, then the burden of proof shifts and rests upon the party proposing to show the latter fact. *Tourtelot* v. *Rosebeck,* 11 Met. 460, 463, is to the same point.

*Sperry* v. *Wilcox,* 1 Met. 267, was case for slander, to which the defendant pleaded the general issue, and gave notice that under the general issue he should justify the speaking of the words by proving that they were true; and it was held that if the jury were satisfied the defendant spoke the words, the burden of proof was on the defendant to establish the fact that they were true; and that if the jury doubted as to that fact they should find for the plaintiff. In that case the primary burden of proof was on the plaintiff to prove the speaking of the words said in the declaration; and when under the general issue the defendant undertook to maintain his affirmative proposition that the words were true, the burden of proof shifted and was transferred to him; and hence it follows that the question on which party the burden of proof rests, does not depend on the form of the issue under which the evidence is offered, but on the nature of the fact to be proved.

Where the defendant proposes to show want of legal consideration for a note he has given, this in Massachusetts would seem to be regarded as a mere negative contradiction of the plaintiff's *prima facie* case, and the burden of proof on the question whether the note was originally a valid security, is there held to be on the plaintiff. But where the defendant undertakes to prove a fact subsequent to the making of the note, like failure of consideration, payment, &c., the burden of proof is held to be on him to make out the fact which he sets up to defeat the plaintiff's claim on the note. *Powers* v. *Russell,* 13 Pick. 69; *Sperry* v. *Wilcox,* 1 Met. 267; *Delano* v. *Bartlett,* 6 Cush. 369. Whether such a distinction would be admitted here, it is not necessary now to inquire. I do not find it to be recognized out of Massachusetts.

*Bassett* v. *Porter,* 10 Cush. 419, was trespass for an arrest and false imprisonment. The defendant specifies his defence to be that he took the plaintiff on a warrant for a school tax, and it was held that the burden of proof was on him to show that the town was regularly divided into school districts. This case of *Bassett* v. *Porter* is a direct authority to the point, that if the matter of the defence is such as being plead-

ed specially at common law would throw the burden of proof upon the defendant, the burden of proof will be on him if he sets up the same defence under the general issue. *Metcalf, J.*, says, "the statute which prohibits special pleas and authorizes the giving of all matters under the general issue has not altered the rules of evidence as to the burden of proof on the trial of that issue."

*Cook* v. *Noble*, 4 Ind. 421, was assumpsit by the payee against the maker of two promissory notes. The only plea was the general issue with an agreement opening the whole field of evidence to both parties. The defence was that the consideration of the notes had failed, and the court says, "the weight of evidence on both sides is pretty nearly balanced; of course, the plaintiff must recover, for the burden of impeaching the notes lies on the defendant." In that case, as in this, the evidence of the defendant was offered under the general issue, and the primary burden of proof was consequently on the plaintiff; and the court assumed it as a familiar rule of practice that the burden of proving his defence was on the defendant.

*Davis* v. *Bartlett*, 12 Ohio (U. S.) 535, was a suit to recover the amount of a promissory note made by the defendant and endorsed by the payee to the plaintiff. The defence set up was that the note was given for a mower and reaper, which the defendant had the right to return if it did not answer; that it did not answer, and was returned to the payee while he was the owner of the note, and before it fell due; and that the plaintiff took the note afterwards with knowledge of all the facts. Held that it was incumbent on the plaintiff to prove the failure of consideration; that thereupon the burden shifted and the plaintiff was bound to show that he took the note for value in the usual course of business; that when this was shown by the plaintiff the case proved by the defendant was thereby overcome, and the plaintiff's presumptive right to recover restored, and that the burden of proof then shifted to the defendant, to show that the plaintiff had knowledge that the consideration of the note had failed.

It would seem, that, by the law of Alabama, if the defendant swears to payment in certain cases, his testimony is taken to be true, unless he is contradicted by the plaintiff on oath, and if he is, it was held in *McLendon* v. *Hamblin*, 34 Ala. 86, that the burden of proof is on the defendant to prove payment by other evidence. In that case it was said by *Walker, C. J.*, that, "if the testimony of the defendant in support of payment is contradicted by the plaintiff asserting that such testimony is untrue, the plea of payment is unsustained unless other evidence is adduced." So in *Bell* v. *Young*, 1 Grant's Penn. Cases, 175, it was decided that the burden of proving that the note in suit was paid rested on the defendant even where the note had been lost.

In 2 Greenleaf's Ev. sec. 506, the rule is stated to be, that, whether evidence of payment is given under the general issue or a special plea, "the burden of proof is on the defendant."

This rule is not peculiar to the common law, but, being founded in natural reason, is recognized in other codes, and applies without regard to the form of the allegations under which the evidence is offered. Part

Four of Pothier on Obligations is introduced by the following statement of this general rule : "He, who alleges himself to be the creditor of another, is obliged to prove the fact or agreement upon which his claim is founded, when it is contested ; on the other hand, when the obligation is proved, the debtor, who alleges that he has discharged it, is obliged to prove the payment." Evans, the learned commentator on Pothier, in his note to this passage, says that this principle is "clearly one of those in which every system of jurisprudence must concur in general, whatever particular rules may be adopted as to the mode and form of the allegation, by which the necessity of such proof is to be determined," and he adds, "it is sometimes too generally contended that in case of opposition of testimony, the plaintiff, on whom it is incumbent to prove the case, must maintain his right by an absolute preponderance of testimony ; but this is only true so far as it is requisite to establish a presumptive and *prima facie* case ; and whenever a final and undisputed point is established by either party, it is from that point that the conflict must commence, whether in those cases where the allegations are particular, or in those where the whole matter is open upon general pleading." This authority would seem to cover the whole ground of the present case and to be precisely in point.

The position is taken, I understand, that the party, who on the pleadings has the right to begin and close the trial, has the burden of proof throughout the cause on all the issues that may be joined, and on all the questions of fact that may arise. This is contrary to the numerous authorities which hold that the burden of proof may shift during the trial, and is also inconsistent with the rule that where the defendant pleads specially an affirmative fact in avoidance of the plaintiff's case, he has the burden of proof to make out the fact which he pleads. For there are numerous cases where the defendant cannot, by pleading his defence specially, obtain the advantage of beginning the trial ; as, for instance, where he has occasion to file a set-off, or where his case requires him to make different defences to separate causes of action prosecuted in the same suit. Suppose he was sued on three several promissory notes, one of which he never owed, one of which he had paid, and the third he had settled by an accord. To one of these claims at least he must plead the general issue, which would give the plaintiff the right to begin the trial, though the other matters of defence were pleaded specially. That the question, on which party rests the burden of proving a fact, does not depend on the right of opening and closing the trial, the authorities are unanimous and entirely decisive.

Then, again, it is said that the question, upon which party the burden of proof rests, depends on the form of the issue under which the evidence is offered ; that if a defendant pleads the general issue, and under it introduces evidence of an affirmative fact instead of assuming the affirmative by plea on the record, the burden of proof is on the plaintiff to make out in the conflict of evidence the negative of the affirmative fact set up in defence ; that in such case the plaintiff is compensated for the disadvantage of being required to assume the burden of proof, by the right to open and close the trial.

This argument would be more forcible if the plaintiff was the party that makes the election whether the defence shall be given under the general issue or under a special plea. It might then be said with some plausibility that the plaintiff had voluntarily assumed the burden of proving the negative of an affirmative fact. But it is the defendant who determines whether it will be for his advantage to plead his defence specially and thereby admit the *prima facie* case of the plaintiff, or by a general denial put him to make out his whole case in the outset. The liberty of pleading double, and the election to plead a defence specially, or give it under the general issue, have not been introduced for the ease and convenience of the plaintiff, but of the defendant; and when a defendant uses the liberty, with which the law indulges him, of showing his defence under the general issue, instead of pleading it specially, he must be supposed, in consideration of being relieved from the trouble and risk of attempting to state his defence specially, and of the advantage which a general denial gives him of putting the plaintiff to make out his whole case, to have voluntarily waived his right to open and close the trial.

Even if we were at liberty to go beyond the authorities, which to my mind are decisive, and look to the general reason of the thing, I can see no ground for any change in what I understand to be the present rule of the law on this point. The defendant has his election to plead his defence or give it under the general issue. If he sets up an affirmative fact to defeat the plaintiff's case, he ought in reason to assume the burden of proving the fact, whether he elects to show it by special plea, or finds it more for his interest to prove it under a general denial of the plaintiff's case. It is not reasonable that he should be permitted to use the indulgence which the law allows him, of showing an affirmative defence under the general issue, to shift the burden of proving it from himself and throw it on the plaintiff.

In answer to the argument that until the plaintiff had made out his whole case affirmatively, he should not be allowed to take anything away from the defendant, it may be sufficient to say that it applies as well where the defendant pleads a single affirmative plea and opens and closes the trial, as where the defence is given under the general issue.

I understand the general rule to be that in close actions the party, who relies on an affirmative fact, has the burden of proof to make it out in evidence; that in the conflict of evidence he must make the affirmative fact more probable than otherwise. There are a few exceptional cases in which the law presumes an affirmative; it is sometimes presumed that a public officer has done an act required by his official duty. In criminal cases, as the law is held in this State, the burden of proof remains on the government throughout the trial, though the defence set up may involve an affirmative fact; because, though the defendant may not establish the fact, which he undertakes to prove, yet if he raise a reasonable doubt upon it, he ought not to be convicted.

My opinion is that the jury should have been instructed that the burden of proof on the question of payment was on the defendant; that the instructions given on that point were not correct; and that consequently the verdict must be set aside.

Doe, J., dissenting :—

It does not appear that the note was payable at any particular time, and we must presume that it was payable on demand. *Warren* v. *Wheeler*, 8 Met. 97; Byles on Bills 58. The question was whether the defendant had paid it at a certain time, which was about a month after its date. From a number of facts in the history of the note, stated in the reserved case, it is evident that this action was commenced more than a year after that time. It does not appear that the plaintiff demanded payment before that time. The plaintiff did not request instructions based upon evidence tending to show a demand made before that time. *Moore* v. *Ross*, 11 N. H. 547, 557; *Deming* v. *Foster*, 42 N. H. 165, 177; *Boyce* v. *Cheshire R. R.*, 43 N. H. 627. The only question was whether a note payable on demand, was paid before demand and before suit; and that question arose between the original payee and the maker.

In assumpsit, a breach of contract, being obviously an essential part of the cause of action, must, in all cases, be alleged in the declaration, and the omission of a breach, whereby the contract does not appear to have been broken, is bad on demurrer or after verdict. 1 Ch. Pl. 332, 337; Lawes' Pl. 258; 1 Saund. Pl. & Ev. 184, 216–220; 2 Stark. Ev. 77; 1 Arch. N. P. 124, 133; Steph. N. P. 383, 385; Com. Dig. Pleader C. 44; Tidd's Pr. 378; Oliver's Prec. 64; 30 N. H. 324, 326; 36 N. H. 252, 262; 38 N. H. 451. The very gist of the action is the breach of a contract. *Benden* v. *Manning*, 2 N. H. 289, 291. It is no cause of complaint, in this case, that the defendant promised to pay the plaintiff a certain sum of money; the only cause of complaint is that the defendant did not pay according to his promise. Non-payment is the only possible breach. The case being stated as assumpsit on a note, we necessarily understand that there was in the declaration an averment of non-payment as well as of a promise.

The general issue traverses and denies the truth of every material allegation in the declaration, and, under that issue, the plaintiff must prove every such allegation. 1 Ch. Pl. 475; Gould's Pl. ch. 6, secs. 8, 44; 3 Bl. Com. 305; 2 Gr. Ev. sec. 106; 2 Stark. Ev. 43, 77; 1 Ph. Ev. 824, 4th Am. Ed.; Tidd's Pr. 591, 734; *Buzzell* v. *Snell*, 25 N. H. 474, 480; *State* v. *Bartlett*, 43 N. H. 224, 330; *Judge of Probate* v. *Stone*, 44 N. H. 593, 602. In actions on notes, as well as in other actions in assumpsit, the plaintiff must show a breach of contract by the defendant. 2 Gr. Ev. sec. 174; Ch. on Bills 573. The breach, being a material fact, the only cause of complaint, and the very gist of the action, alleged by this plaintiff, and being denied by the general issue, must be shown by the plaintiff—that is, if he introduced no evidence tending to show it, he would be non-suited. He has the burden of proof as to a breach, and there can be no other breach than non-payment.

The obligation of proving any fact lies upon the party who substantially asserts the affirmative. The averment of breach usually includes a formal negative because the promise is generally affirmative in form.

But regard is had to the substance and effect of the issue, rather than to the form of it.   The plaintiff must prove a negative allegation if he grounds his right of action upon it, and if it is traversed.   The party who must allege a fact which is traversed, has the affirmative of the issue and the burden of proof,—a traverse being in law, not an assertion, but a denial of the truth of an assertion.   The plea of the general issue is not, in form or substance, and does not include, an affirmative allegation of any fact; it is a mere denial of every fact alleged in the declaration, which is material to the plaintiff's case.   3 Bl. Com. 305; 1 Gr. Ev. secs. 74, 78, 81; Stark. Ev. 534, 8th Am. Ed.; 1 Arch. N. P. 7; *Shilcock* v. *Passmore,* 7 C. & P.; *Smith* v. *Davies,* 7 C. & P. 307; *Crowley* v. *Page,* 7 C. & P. 789; *Brind* v. *Dale,* 8 C. & P. 207; *Osborn* v. *Thompson,* 9 C. & P. 337; *Soward* v. *Leggatt,* 7 C. & P. 613; *Lane* v. *Crombie,* 12 Pick. 177; *Adams* v. *Carlisle,* 21 Pick. 146; *Carsley* v. *White,* 21 Pick. 255; *Tourtellot* v. *Rosebrook,* 11 Met. 460; *Robinson* v. *F. & W. R. R.,* 7 Gray 92; *Griffin* v. *New York,* 9 N. Y. 456; *Holbrook* v. *U. & S. R. R.,* 12 N. Y. 236; *Favor* v. *Philbrick,* 7 N. H. 326, 335.   It is not necessary in this case to consider the effect of a special plea contradicting an averment of the declaration which would, upon strict principle, be traversed by the general issue.

There are questions upon which the burden of proof is sustained by a legal presumption without evidence.   But, in the absence of all evidence, there is no legal presumption that all promissors break their contracts.   Before any evidence was introduced at the trial of this case, there was no presumption that the defendant had violated the contract stated in the declaration.   Such an inference could only be drawn from a prior presumption that he had made that contract.   If such presumptions could be created from nothing, consistency would extend to every form of action, and put upon the defendant, in every case, the burden of proof as to every material allegation of the declaration traversed by the general issue.

The presumption of continuance of a state of things shown to have once existed, applies to a breach when it is proved, but does not originate a breach without proof.   Payment may be presumed from lapse of time; but breach of contract is not presumed from time that has not elapsed.   Payment is not more peculiarly within the knowledge of a defendant than non-payment is within the knowledge of a plaintiff.   In the absence of evidence, payment before breach is a subject like life, death, marriage, and birth of children, concerning which there is no presumption.   *Emerson* v. *White,* 29 N. H. 482, 497.

The burden of proof is necessarily assigned upon and by the pleadings in the first instance.   If there is no proof and no legal presumption upon an issue or a vital branch of an issue, there must be some means of determining which party shall prevail.   That party has the burden of proof on an issue, who will fail if there is no evidence on that issue.   *Judge of Probate* v. *Stone,* 44 N. H. 593; Stark. Ev. 534, 8th Am. Ed.   The strict meaning of the term, *onus probandi,* is this, that if no evidence is given by the party on whom the burden is cast,

the issue must be found against him.  *Barry* v. *Butlin*, 1 Curtis 637. The rule as to the burden of proof determines which party shall prevail when an issue is not maintained by proof or legal presumption.

As it is an axiom, that, in assumpsit, the plaintiff must allege and prove a breach of contract—as, in this case, non-payment was the only possible breach, and as it is not claimed that there was a legal presumption that the defendant had broken the contract declared upon, before there was any evidence tending to show that he had made such a contract, it is clear that after the general issue was pleaded, and before any evidence was introduced—when the case stood upon the pleadings—the plaintiff had the burden of proof on the issue of non-payment as the breach, and consequently that he should have been non-suited, or have lost the verdict, if he had offered no evidence of such non-payment. At what time and by what means did he throw that burden on the defendant?

If there was an admission of the signature of the note under the forty-fourth rule of court, "it has never occurred to any one to imagine that this admission changed the burden of proof upon the general issue." *Buzzell* v. *Snell*, 25 N. H. 474, 480.

When a sum of money is payable with interest, no construction can make it payable without interest ; and when it is payable on demand, no construction can make it payable without demand.   But, in some cases, in order to facilitate the commencement of actions, a technicality is introduced, and bringing suit is held to be a demand.   *Graves* v. *Ticknor*, 6 N. H. 537, 541 ; *McIlvaine* v. *Wilkins*, 12 N. H. 474, 482 ; *Hunt* v. *Nevers*, 15 Pick. 500, 505 ; *Burnham* v. *Allen*, 1 Gray 496, 499 ; *Haxtun* v. *Bishop*, 3 Wend. 13, 21 ; *Feeter* v. *Heath*, 11 Wend. 477, 484 ; *Green* v. *Goings*, 7 Barb. 652, 655 ; *Wilson* v. *Little*, 2 Comst. 443, 448 ; *Smith* v. *Blythewood*, Rice 245 ; *Capp* v. *Lancaster*, Cro. Eliz. 548 ; *Vivian* v. *Shipping*, Cro. Car. 384 ; *Birks* v. *Trippet*, 1 Saund. 33 ; *Frampton* v. *Coulson*, 1 Wils. 33 ; *Rowe* v. *Young*, 2 B. & B. 165, 232 ; 1 Ch. Pl. 329, 332 ; Lawes Pl. 247 ; Sel. N. P. 112 ; Har. & Ed. N. P. 249 ; Story on Notes sec. 29 ; 1 Parsons on Notes 374 ; Chitty on Bills 573 ; Byles on Bills 170 ; Edwards on Bills 156, 479, 481.   And, in such cases, it is not necessary for the plaintiff to allege or prove an actual demand, because the action is, of itself, a demand in law.   Steph. N. P. 381.   He need not allege or prove matter of law, or a legal conclusion necessarily drawn from the record in the case.   Such general expressions relating to this subject, as "demand unnecessary," "payable without demand," "present debt," "due immediately," and "contract in a state of being broken perpetually," signify only that no other demand than bringing suit—no actual demand before suit—is necessary, and that a demand can be made at any time by bringing suit.

In some cases, by another technical construction, in furtherance of the object of the statute of limitations, it is held that a cause of action has accrued within the meaning of that statute, so far as the cause of action depends upon demand, when, by virtue of the legal fiction that a suit is a demand, there is a right to bring an action.   But however satisfactory

the application of this fiction may be in proper cases, its operation cannot be extended beyond the purpose it is designed to accomplish, which is to affect the commencement of actions, and not to transfer to a defendant, the burden of proof upon the accusation denied by him, that he has broken his contract.   Such fictions are limited and conformed to the uses for which they are invented.   *Clindenin* v. *Allen*, 4 N. H. 385, 389 ; *Robinson* v. *Burleigh*, 5 N. H. 225 ; *Hardy* v. *Corlis*, 21 N. H. 356.   And it is wholly in the power of the court to direct their application for the advancement of justice, as in ejectment.   3 Bl. Com. 206 ; *Aslin* v. *Parkin*, 2 Burr. 665, 668.   Every case in assumpsit upon a promise to pay on demand, in which the suit is held to be a demand, is an authority to the point that, in such cases, there is no breach before demand, for if demand were unnecessary there would be no need of holding that suit is demand.

Interest, when not expressed, being given as damages for breach of contract, there must be a breach before interest begins ; and when money is payable on demand, interest does not begin until a demand is made, because until then there is no breach.   *McIlvaine* v. *Wilkins*, 12 N. H. 474, 482, 484 ; *Livermore* v. *Rand*, 26 N. H. 85 ; *N. Lancers* v. *Lovering*, 30 N. H. 511 ; *Haven* v. *Foster*, 9 Pick. 112 ; *Hunt* v. *Nevers*, 15 Pick. 500, 505 ; *R. Glass F.* v. *Reid*, 5 Cow. 587, 611 ; *Feeter* v. *Heath*, 11 Wend. 477, 484 ; *Upton* v. *Ferrers*, 5 Ves. Jr. 801, 803 ; *Lowndes* v. *Collens*, 17 Ves. Jr. 27 ; *Pierce* v. *Fothergill*, 2 Bing. N. C. 167 ; 2 Parsons on Notes 393 ; 1 Arch. N. P. 229.   The duty to pay arises upon the demand, and, in the absence of a previous demand, it arises upon the commencement of the suit which is a demand, and interest is given from that time.   *McIlvaine* v. *Wilkins*, 12 N. H. 474, 482, 484.   But if the contract is broken when it is made,—if the promise to pay on demand is a breach of itself,—if promise and breach are synonymous, contemporaneous and identical,—proof of the promise would be proof of the breach, and interest would be given as damages for the breach from the time when the promise was made by the defendant, instead of from the time when a demand was made by the plaintiff.   And a note payable on demand is not dishonored from the beginning, as it would be if it was due at its date without demand.   *Emerson* v. *Crocker*, 5 N. H. 159 ; *Carlton* v. *Bailey*, 27 N. H. 230 ; *Rice* v. *Wasson*, 11 Met. 400 ; *Barough* v. *White*, 4 B. & C. 325.   A suit may become a vigorous demand, but it may grow into a judgment binding property attached, without actual notice given to the defendant, *Downer* v. *Shaw*, 22 N. H. 277, 280, 282 ; and if he has such notice he cannot perform his contract by immediate payment, as he can when an actual demand is made in some other form.   Payment at the first actual demand before suit, is performance of a promise to pay on demand.   But under the general issue evidence of payment after demand made by the suit, is not admissible as proof that there was no breach.   *Dana* v. *Sessions*, 46 N. H. 509 ; *Williams* v. *Tappan*, 23 N. H. 385 ; *P. Bank* v. *Brackett*, 4 N. H. 557.

At the trial of this case, upon the general issue, when the signature

was admitted or proved, the note was evidence tending to show a consideration, (*Coburn* v. *Odell*, 30 N. H. 540; *Odiorne* v. *Odiorne*, 5 N. H. 315; *Horn* v. *Fuller*, 6 N. H. 511; *Holliday* v. *Atkinson*, 5 B. & C. 501; Best on Ev. sec. 391, 2d London Ed.; 2 Stark. Ev. 141,) and a promise to pay on demand; the record was evidence of a demand made by suit, and that demand was evidence of a breach, because the contract could not be performed after that demand. The note, with the aid of the technical rules of law, was proof tending to sustain every material allegation of the declaration.

Such proof made a *prima facie* case for the plaintiff, but did not throw upon the defendant the burden of introducing evidence of greater weight than that introduced by the plaintiff, and showing that upon all the evidence on both sides it was more probable than otherwise that he had not broken his contract. If he introduced so much evidence, that, upon the question whether he paid the note upon or before demand, all the evidence in the case was in equilibrium, he was entitled to the verdict because the plaintiff failed to sustain his burden of proving a breach. An equilibrium of evidence is the same as no evidence, and if there was no evidence of a breach, the plaintiff could not recover damages for a breach. If the note was paid upon demand before suit, or if it was paid before demand by suit or otherwise, there was no breach. The question was whether the defendant paid the note before demand and before suit, and if, upon that question, the evidence did not preponderate in favor of either party, a breach was not proved by the plaintiff.

The rule of the burden of proof cannot be made to depend upon the order of proof, or upon the particular mode in which the evidence is introduced. *Com.* v. *McKie*, 1 Gray 61, 64. The production of the note by either party would not affect the burden of proof. The court cannot decide that a certain amount of evidence shows it to be more probable than otherwise that there was or was not a breach, or that all the evidence on both sides preponderates in favor of either party on that point. Those are questions of fact for the jury. *Haskins* v. *Haskins*, 9 Gray 390, 393. If there is a legal presumption without evidence, or if a fact is admitted which raises such a presumption, the court may declare that the burden of proof is thereby sustained or shifted. And if there is evidence tending to prove such a fact, the court may instruct the jury that if they find the fact proved, the legal presumption follows. Possession of the note by the plaintiff would not raise a legal presumption of non-payment, but would be evidence upon which the jury might find non-payment. 2 Gr. Ev. sec. 527.

The commercial policy of sustaining the credit and circulation of negotiable paper, has been adopted by the law, and that policy has raised presumptions and estoppels, as between endorser and maker, which do not apply to an action between payee and maker, in which negotiability is not involved. *Clark* v. *Pease*, 41 N. H. 414, 421, 424. It is not clear, as between endorsee and maker, upon the question of ownership by authorized transfer and endorsement, that possession by a plaintiff is anything more than evidence to be considered by the jury. *Blodgett* v. *Jackson*, 40 N. H. 21; *Bulkeley* v. *Butler*, 2 B. & C. 194; *Dugan*

v. *United States*, 3 Wheat. 172 ; *Estabrook* v. *Boyle*, 1 Allen 412 ; *Alvord* v. *Baker*, 9 Wend. 323 ; *Norris* v. *Badger*, 6 Cow. 449.

In *Brembridge* v. *Osborne*, 1 Stark. 374, Lord Ellenborough, in summing up to the jury, observed that where there is a competition of evidence on the question whether a security has or has not been satisfied by payment, the possession of the uncancelled security by the claimant, ought to turn the scale in his favor, since, in the ordinary course of dealing, the security is given up to the party who pays it.  That observation seems to imply, that, if all the evidence other than the possession, is in equilibrium, the possession ought to turn the scale.  In that process the possession would be used, not as evidence to be weighed by the jury, but as a test by which to determine which party should prevail when all the other evidence is in equilibrium.  But possession of a note by either party is evidence which should be, and always is, submitted to the jury, and there is no reason to fear that it does not have all the weight it ought to have.  And if the court submit it to the jury as evidence, and also draw from it a legal presumption which changes the burden of proof, it effects more than is just.  In this case the plaintiff's possession of the note necessarily had, with the jury, all the influence to which it was entitled ; and if, when it was weighed with the rest of the evidence, it only produced an equilibrium, the plaintiff had not rendered it more probable than otherwise by evidence that there was a breach.  Under such circumstances it would be unreasonable to extract from the possession a formal, artificial, and arbitrary presumption, to turn the scale which would not have been in equipoise, if the entire, substantial, natural, and actual weight of the possession had not already been put into it.  The plaintiff having the full benefit of his possession as evidence, ought not to receive from the court the additional and gratuitous make-weight of a legal presumption.

There is, generally, great indefiniteness and ambiguity in the use of such terms as "*prima facie* evidence," "*prima facie* case," "presumption," "*prima facie* presumption," "*prima facie* inference," and "presumptive evidence."  The remark that a *prima facie* case entitles a party to a verdict "unless the contrary appear in evidence," often means that a strong case is practically sufficient in the absence of evidence on the other side, and not that it changes the burden of proof.  And the burden of proof is sometimes said to be on the defendant when the meaning is, that, in fact, the defendant will lose the verdict, unless he offers evidence to balance the plaintiff's evidence.  *Delano* v. *Bartlett*, 6 Cush. 364, 368 ; *Powers* v. *Russell*, 13 Pick. 69, 76 ; *Estabrook* v. *Boyle*, 1 Allen 412, 414.  The practical necessity of adducing evidence to counteract the effect produced upon the minds of the jury by a *prima facie* case, cannot be confounded with the legal necessity of sustaining the burden of proof, without destroying the broad distinction between establishing an equilibrium and establishing a preponderance of the evidence.  "Presumption" is frequently mentioned when it does not appear whether it is an inference of law to be drawn by the court, or an inference of fact to be drawn by the jury.  And "legal presumption" is sometimes used when "*prima facie* case" is intended.  *Ellsworth* v.

*Brewer*, 11 Pick. 316, 320; *Burnham* v. *Allen*, 1 Gray 496, 500, 501. In practice, in this State, the plaintiff is said to make a *prima facie* case when he introduces some evidence, however slight, tending to sustain his burden of proof so that he cannot be non-suited. And if his evidence is so strong that a verdict against it would be set aside, or if upon the plea, or the oral admission of counsel, a legal presumption is raised in his favor, he is said to have a *prima facie* case.

The instructions given to the jury in this case, were in the accurate phraseology of the Supreme Court of Massachusetts. In assumpsit on a note between the original parties, the burden of proof as to a consideration is on the plaintiff. If, on all the evidence, it is not more probable that there was a consideration than that there was not, the plaintiff fails, because, without a consideration, there is no contract. As a note imports a consideration, its production, with proof or admission of the signature, sustains the burden of proof at first by *prima facie* evidence which, if not rebutted, is, in effect, conclusive, but, (there being no legal presumption,) does not change the burden of proof; that is, if the defendant introduces such evidence of want of consideration, that all the evidence on that point, including the note itself and the fact that it was given by the defendant to the plaintiff, is in equilibrium, the plaintiff does not render it more probable than otherwise that there was a consideration; he does not continue to sustain the burden of proof which is upon him throughout the trial. In the absence of any matter in avoidance or discharge, the fact to be proved remains the same. Anything affirmed by the plaintiff as the foundation of his claim he is bound to sustain by proof in all stages of the trial. The burden of proof and the weight of the evidence are two very different things; the former remains on the party affirming a fact in support of his case, and is not changed in any aspect of the cause, unless by a legal presumption; the latter shifts from side to side in the progress of a trial according to the nature and strength of the proofs offered in support or denial of the main fact to be established. *Delano* v. *Bartlett*, 6 Cush. 364, 366, 367; *Burnham* v. *Allen*, 1 Gray 496, 500, 501; *C. Bridge Co.* v. *Butler*, 2 Gray 130; *Morrison* v. *Clark*, 7 Cush. 213, 215; *Estabrook* v. *Boyle*, 1 Allen 412; *Ross* v. *Gerrish*, 8 Allen 147; 1 Bennett & Heard L. C. C. 351, note.

If the defence in this case had been payment made after breach, it would have been in confession and avoidance, admitting a breach and setting up the new, distinct, affirmative fact of subsequent payment in discharge of a cause of action which once existed; the burden of proof would have been on the defendant, and his evidence would have been received under the general issue only by a relaxation of the strict rule of pleading. 3 Bl. Com. 305, 306; 1 Ch. Pl. 477.

But payment before suit, and before, or upon, actual demand, would be a performance of the contract before breach, rendering a breach impossible. The defence was a negative of the plaintiff's case—a denial of the alleged breach—and not in confession and avoidance or discharge; the burden of proof was on the plaintiff, and the defendant's evidence was admissible under the general issue, not by a relaxation of any rule,

but by the strict common law principle in which the general issue had its origin. A decision that it was not thus admissible would be a decision that there is no general issue in assumpsit. Chitty, in stating the law as it was before the great change made in English pleading in 1834, puts performance of contract by payment in the class of "defences which showed that the plaintiff never had any cause of action," and payment (evidently after breach,) in the class of "matters in discharge which admitted that once there was a cause of action," but "showed that at the time of the commencement of the suit the plaintiff had no subsisting cause of action." 1 Ch. Pl. 477, 478. And Greenleaf, adopting substantially the language of Chitty, mentions "payment before breach" as one of the "matters showing that the plaintiff never had any cause of action," and "payment" as matter "in discharge." 2 Gr. Ev. sec. 135. Payment after breach is in discharge. *Francis* v. *Creywell,* 5 B. & Ald. 886, 888. A contract to pay money is not broken when payment has been made according to the terms of it, and when money is payable at a certain time, payment accepted before that time, is performance. *Sturdy* v. *Arnaud,* 3 D. & E. 599, 601.

In *Buzzell* v. *Snell,* 25 N. H. 474, 475, 481, "the defendant did not contend that he had performed the original contract." He admitted a breach of contract, and "relied not upon a denial of the plaintiff's claim, but upon a discharge of that claim by new and independent facts," and, of course, the burden of proof was upon him. The evidence of payment was received under the general issue and not under special plea; and, in holding that the plaintiff was not "bound to prove the defendant's plea," the manifest idea was that payment after breach, being in confession and avoidance, was the proper subject of a special plea, and was admissible under the general issue only through the relaxation of the strict rule of pleading. The "payment as a defence" referred to in the head note of that case was payment after breach.

In the *dictum* in *Belknap* v. *Wendell,* 21 N. H. 175, 181, concerning "a suit upon a written contract," "burden of proof" may mean the practical necessity of introducing evidence to counteract the effect of a *prima facie* case upon the minds of the jury. The court in that *dictum* certainly did not intend to declare that upon every "matter in defence," the defendant's evidence must preponderate, unless "matter in defence" was used to signify matter in confession and avoidance.

"Payment," as well as "discharge," is used in two senses; first, performance of a contract to pay money according to its stipulations; second, extinguishment of a cause of action arising from breach of a contract. "Payment," as generally used in the books, has the latter meaning, and "the defence of payment" is usually of the same import, denoting a new, affirmative, and independent fact set up by the defendant in confession and avoidance, and not a denial of the breach. And, with this signification, it is properly enumerated in lists of defences in avoidance of the declaration. It is to be observed, however, that such lists sometimes include the defences of mental incapacity, duress, fraud and illegality, which are mere negatives of the legal idea of a promise, (1 Ch. Pl. 479, note *i*; *Clark* v. *Pease,* 41 N. H. 414, 419, 420,

424, 425,) and as to which the plaintiff's burden of proof is generally sustained in the first instance by a presumption of law or fact, (*Perkins* v. *Perkins*, 39 N. H. 163 ; *Jones* v. *Emery*, 40 N. H. 348 ; *Clark* v. *Pease*, 41 N. H. 414, 428 ; *Wyman* v. *Fiske*, 3 Allen 238, 240 ; 1 Ch. Pl. 221,) and want of consideration and non-performance of condition precedent as to which the burden of proof is thrown on the plaintiff by the traverse of his whole declaration. 2 Gr. Ev. secs. 135, 105, 106 ; Gould Pl. ch. vi. part 1, sec. 47.   Special exceptions have sometimes been inadvertently asserted for the supposed benefit of cases which are amply provided for by the general principles of the law.

The difference between the two significations of payment is the difference between the performance of a contract and compensation accepted in satisfaction of a breach of contract; and the distinction is not obliterated by any general and indiscriminate use of language by courts or authors when their attention is not called to the distinction.   The general statement that payment is a defence in confession and avoidance of a cause of action, is shown to be erroneous by a single illustration.   If the note in this case was payable within a year from its date, payment before the expiration of the year would not be in discharge of the plaintiff's cause of action, for the plaintiff would never have a cause of action,—there would be no breach,—and the defence of such a payment would be a mere negative of the breach which, upon the general issue, the plaintiff must prove.

The duty of the plaintiff to show a breach of a contract to pay on demand, may have become somewhat indistinct in practice, there being little occasion to remember the peculiar object and effect of the exceptive rules that suit is demand and that demand by suit is evidence of a breach.   Some obscurity may have arisen from the signification of payment not being specified when it is named among defences not strictly admissible under the general issue, and from an indefinite meaning of *prima facie* case, and also from the ancient custom of courts delivering their opinions to the jury upon the weight of the evidence, a custom which still prevails to some extent in some jurisdictions.   And some confusion may have been derived from English books published since 1834, at which time the general issue in assumpsit was abolished in England.   1 Ch. Pl. 513, 514, 515, and App. 737 ; Steph. Pl. 155, 161, and App. lvi ; Gould Pl. App. lvii ; 1 Saund. Pl. & Ev. 187, 236, 239, 552 ; 2 Id. 647 ; Steph. N. P. 386 ; 1 Arch. N. P. 142.

If, in *McGregory* v. *Prescott*, 5 Cush. 67, and in the reporter's note in *Amos* v. *Hughes*, 1 Mo. & R. 464, copied into the text of 1 Ph. Ev. 815, 4th Am. Ed., the rule was correctly stated that a defendant has the burden of disproving the breach of his contract, it was derived from some other source than the common law applicable to the general issue.

It is of some practical importance, as a matter of justice, that promissors should not be deprived of their property by judgment and execution in assumpsit upon the accusation denied by the general issue, that they have broken their contracts, when, in the equilibrium of evidence, it is as probable that they have not, as that they have, broken them.

And it is of some importance that the ancient uniformity, consistency and symmetry of the law, as a system of general principles, should not be unnecessarily impaired by the introduction or extension of fragmentary rules or disorganizing exceptions, not founded in the reason of the law.

Reason is the life of the law; for then are we said to know the law when we apprehend the reason of the law; that is, when we bring the reason of the law so to our own reason, that we perfectly understand it as our own; and then, and never before, we have such an excellent and inseparable property and ownership therein, as we can neither lose it, nor any man take it from us, and will direct us (the learning of the law is so chained together) in many other cases. Co. Lit. 494, b.