MARTHA BUMSTED, Administratrix, etc., Respondent, *v.* RUSSELL H. HOADLEY, Appellant.

*Principal and agent — limited authority — Evidence — of delivery of article sold.*

Where an agent is authorized by a special power of attorney to sell sand, but his authority so to do is limited by the established grade of the street, any sale by him in excess of the amount thereby authorized is void, and the party dealing with him is chargeable with notice of the restrictions contained in the power of attorney.

Upon the trial of an action to recover for a breach of a contract to deliver sand, it was shown that the sand had been delivered upon tickets issued for that purpose to plaintiff's intestate. It was also shown that the tickets so issued had all been returned to defendant's agent *Held*, that the evidence was competent; that the delivery of the tickets to the plaintiff's intestate, and their subsequent possession by the defendant's agent, created a presumption that the sand had been delivered for which the tickets had been issued.

APPEAL from judgment in favor of the plaintiff, recovered on a trial at the Circuit.

*David McClure*, for the appellant.

*E. A. Doolittle*, for the respondent.

DANIELS, J.:

This action was brought to recover damages for the breach of a contract for the sale of sand. It was executed in the defendant's name by James O. Watkins, under a power of attorney. The power limited the authority of the attorney to sell sand by the established grade which it appeared had been made of the property. In the contract executed by him no such restriction was made on the amount of the sand which could be taken away under it. And it was claimed that the quantity sold by its terms exceeded that which the agent had been authorized to sell. He acted under a special authority in writing. And if that was the fact, the contract was certainly inoperative as to the excess. For where a party deals with an agent under a special and limited power, he is chargeable with notice of the restriction which the principal in the instrument creating that power may have imposed upon him. (*North River Bk.* v. *Aymar*, 3 Hill, 262; *Westfield Bk.* v. *Cornen*, 37 N. Y., 320; Story on Agency, §§ 77, 165; *Rossiter* v. *Rossiter*, 8 Wend., 495; *Barlett* v. *Palmer*, 4 Seld., 398.)

During the progress of the trial the defendant proposed to prove that it would require more than the sand remaining above the grade to fill up the excavation which had been made below it in removing what had been taken away. That was excluded, on the objection of the plaintiff's counsel, and the defendant excepted. This evidence ought to have been received, because it would have directly tended to establish the fact, that the intestate had received all the sand which the defendant's agent had authority to allow him to remove.

The evidence might not have established a defense in the action, but it had a tendency in that direction, and there was no such proof of ratification by any act of the defendant, as rendered its consideration unnecessary. The questions arising were mainly those of fact,

and this evidence was important in the consideration of one of them.

It also appeared that the sand had been received and removed upon tickets or receipts issued for that purpose to the person sending for it; and it was shown that 5,000 team tickets had been delivered to the intestate. It was then proven that these tickets had all been afterwards returned to the agent of the defendant. But the answer of the witness proving this fact was stricken out as improper evidence, on motion of the plaintiff, and the defendant thereupon excepted. This evidence of the fact of the return of the tickets tended to establish the conclusion, that the sand represented by them had been delivered to some person or persons under the authority and with the assent of the intestate. They had been shown in his possession, and it was natural to suppose that he would only have parted with them for the equivalent the holder was entitled to demand for them. Their subsequent possession by the defendant's agent created a presumption that the sand had been delivered for which they had been issued. (*Alvord* v. *Baker*, 9 Wend., 323.)

The quantity delivered was a fact put in issue by the answer; and this evidence had a material bearing upon that portion of the controversy, for it had a tendency to diminish the subject-matter on which damages could properly be claimed by the plaintiff, even if the defendant was liable for the refusal to perform the agreement which had been made.

These rulings at the trial were erroneous, and are sufficient to require another examination of the case. A determination of the other points presented will consequently become unnecessary. The judgment should be reversed and a new trial ordered, with costs to abide the event.

Brady, J., concurred.

Present — Davis, P. J., Brady and Daniels, JJ.

Judgment reversed, new trial ordered, costs to abide event.